[No. H015807. Sixth Dist. Aug. 28, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
LARRY BENNIE YARBROUGH, Defendant and Appellant.

**[Opinion certified for partial publication.‡]**

‡Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part B.

## COUNSEL

Totaro & Shanahan and Michael R. Totaro for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Catherine A. Rivlin and Jeremy Friedlander, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

MIHARA, J.—Defendant punched a woman in the face and broke her jaw. A jury convicted him of battery with serious bodily injury (Pen. Code, §§ 242, 243, subd. (d)). Defendant waived his right to a jury trial on the prior conviction (Pen. Code, §§ 667, subd. (a), 1170.12) and prior prison term (Pen. Code, § 667.5, subd. (b)) allegations, and the court found these allegations true. The court also found that defendant's current offense was a serious felony. Defendant was committed to state prison for a term of 13 years. On appeal, defendant claims that (1) the trial court prejudicially erred in denying him a jury trial on, and depriving him of notice of, the allegation that the current offense was a serious felony and (2) the evidence was insufficient to support the court's finding that defendant's prior conviction was a serious felony conviction. We reverse and remand for resentencing.

### PROCEDURAL BACKGROUND

Defendant was originally charged by information with battery with serious bodily injury (Pen. Code, §§ 242, 243, subd. (d)), and it was further alleged that he had suffered a prior serious felony conviction within the meaning of Penal Code section 1170.12 and served prison terms for three prior felony

convictions (Pen. Code, § 667.5, subd. (b)). The original information also alleged that the current substantive offense was a serious felony because defendant had "personally inflicted great bodily injury" on the victim of the battery. An amended information, filed on June 3, 1996, added an allegation that defendant's prior serious felony conviction came within the meaning of Penal Code section 667, subdivision (a). On June 5, 1996, during *in limine* proceedings prior to jury voir dire, defendant requested that the prior conviction and prison prior allegations be bifurcated, and he waived his right to a jury trial on "the issue of whether or not [he] did in fact suffer those prior convictions . . . ."

On June 6, during a break in jury voir dire, the following colloquy took place. "Ms. CONNERS [the prosecutor]: I believe there are three matters, Your Honor. The first and simplest is to amend by delineation on the complaint, striking the G.B.I. enhancement that is alleged and the probation ineligibility 1203(e)(3) that is alleged under Count One. [¶] THE COURT: The reason for that is legally you can't add a G.B.I. to a 243(d); is that correct? [¶] Ms. CONNORS: That's correct, Your Honor. The law considers serious bodily injury and great bodily injury to be identical, and in this case it is an element of the initial offense. [¶] THE COURT: The 1203(e)(3) is the probation ineligibility section which relates to G.B.I. If The G.B.I. goes, so does the 1203(e)(3); correct? [¶] Ms. CONNORS: Yes, Your Honor. [¶] THE COURT: I assume you have no objection, Counsel. [¶] Ms. CHAN: No objection. [¶] THE COURT: On the motion of the district attorney - - the G.B.I. clause and the 1203(e)(3) allegation in Count One are ordered stricken on motion of the district attorney." Jury selection was completed later that afternoon, and the jury was sworn.

The alternative defenses offered at trial were that either defendant had been incorrectly identified as the person who struck the woman or defendant had punched the woman in self-defense. The jury returned a verdict finding defendant guilty of battery with serious bodily injury (Pen. Code, §§ 242, 243, subd. (d)). After the jury had been discharged, the prosecutor asked that the allegation that the current offense was a serious felony be "reinstated." "[L]ast Friday afternoon we struck what at the time appeared to be a G.B.I. enhancement for Count 1. In point of fact, that is an allegation required that the Court must find true or not true in order for the Prop 8 prior to be found true or not true. And that is the purpose of it being alleged. It is not alleged as an enhancement for the current case, but in order to supply the requirements of 1192.7(c)(8) and establish that that is met. This is a serious felony within that definition, and so we would ask it be reinstated." Defendant's trial counsel objected to the prosecutor's request on the ground that it was "untimely." The prosecutor responded that defendant had "waived" his right

to jury trial on this allegation when he waived his right to a jury trial on the priors because "[t]his is part of the priors." The trial court found that the prosecutor had "believed she was striking a G.B.I. clause, and not affecting the Prop 8 prior" when she amended the information on June 6. Defendant's trial counsel pointed out that defendant had been deprived of a jury trial on the serious felony allegation and, since the jury had been discharged, it was "too late to add it."

The prosecutor thereafter recharacterized her motion as asking the court to "reconsider" its June 6 order granting her motion to amend the information. She claimed that the allegation had been "mistakenly stricken." The prosecutor also alternatively maintained that the striking of the allegation had been a "clerical error." She continued to argue that defendant had waived his right to a jury trial on the allegation when he waived his right to a jury trial on the prior conviction allegations. Finally, the prosecutor asserted that the court could find the current offense to be a serious felony even if it did not "reinstate" the stricken allegation. Defendant's trial counsel strongly opposed the prosecutor's request. She pointed out that defendant's jury trial waiver had only applied to "the priors." The court accepted the prosecutor's claim that the serious felony allegation was "part of" the priors as to which defendant had waived jury trial and granted the prosecutor's request to "reinstate" the allegation and allow the court to decide the issue. In addition, the court stated that "all that's left are legal determinations to be made and no factual determinations, because the factual determinations were made by the jury when they concluded that the defendant was guilty of serious bodily injury or inflicting that on the victim . . . ." The court also accepted the prosecutor's contention that the court "has the inherent power" to make a finding as to whether or not the current offense is a serious felony regardless of whether such an allegation was included in the information. The court found the "reinstated" allegation true.

The court trial on the prior conviction and prison prior allegations followed. The prior serious felony conviction allegations were based on defendant's 1993 Penal Code section 245, subdivision (a)(1) conviction. The prosecution attempted to prove that this conviction had been for a serious felony by introducing a number of documents. The abstract of judgment from the 1993 conviction simply showed that the conviction had been for a violation of Penal Code section 245, subdivision (a)(1). Defendant had pled guilty in municipal court pursuant to a plea bargain. The felony complaint alleged that the assault had been committed with a vehicle. It also alleged that the offense was a serious felony because defendant had personally used a deadly weapon. However, the transcript of defendant's plea does not reflect that he admitted the serious felony allegation.

The trial court herein found that defendant had suffered a prior serious felony conviction and served prison terms for prior felony convictions. The court imposed a six-year doubled midterm sentence for the substantive offense, five years for the Penal Code section 667, subdivision (a) enhancement and one-year terms for each of the prison priors. It stayed one of the prison prior terms pursuant to Penal Code section 654. Defendant filed a timely notice of appeal.

DISCUSSION

### A. Finding That Current Offense Was a Serious Felony

Defendant claims that he was deprived of his right to a jury trial and of due process by the trial court's reinstatement of the allegation that the current offense was a serious felony after the discharge of the jury. He notes that his jury trial waiver only extended to "the issue of whether or not [he] did in fact suffer those prior convictions," and he argues that this waiver did not amount to a waiver of his statutory right to a jury trial on the serious felony allegation.

Penal Code section 1192.7, subdivision (c) defines which offenses qualify as serious felonies. While most of the categories of serious felonies set forth in subdivision (c) are based on defined offenses, subdivision (c)(8) and (c)(23) include as serious felonies "any" felony in which the defendant "personally inflicts great bodily injury" on a nonaccomplice, "personally uses a firearm," or "personally used a dangerous or deadly weapon." (Pen. Code, § 1192.7, subd. (c).) Thus, while a robbery, rape or murder conviction is ipso facto a serious felony conviction, a conviction for an offense which does not fall within any of the subsections of subdivision (c) other than subdivision (c)(8) and (c)(23) is not a serious felony conviction unless it can be established that the offender personally used a firearm or a dangerous or deadly weapon or personally inflicted great bodily injury on a non-accomplice in the commission of the offense. The crux of defendant's contention is that his rights were violated by the means by which it was established that his current offense was a serious felony under subdivision (c)(8).

Before the 1991 enactment of Penal Code section 969f, the California Supreme Court's decision in *People v. Equarte* (1986) 42 Cal.3d 456 [229 Cal.Rptr. 116, 722 P.2d 890] *(Equarte)* was the only authority on this point. *Equarte* was a case in which the prosecution had alleged that the defendant had suffered a *prior* serious felony conviction within the meaning of Penal Code sections 667, subdivision (a) and 1192.7, but it had not specifically alleged facts that would establish that one of the two *current* offenses with

which he was charged was a serious felony. (*Equarte, supra*, at p. 459.) When the matter came to trial, the "prior conviction" issue was bifurcated, and the defendant waived his right to a jury trial on this issue. (At p. 460.) After a jury trial on the substantive offenses at which the jury was not asked to make a factual finding that would establish that one of the current offenses was a serious felony within the meaning of Penal Code sections 667, subdivision (a) and 1192.7, the defendant was convicted of one of the two offenses. This offense was not ipso facto a serious felony. At the subsequent court trial on the "prior conviction" issue, the court found true the allegation that the defendant had suffered a prior serious felony conviction, and it also found that the defendant's current offense was a serious felony based on its own factual finding that the defendant had personally used a weapon in committing the current offense. (*Equarte, supra*, at pp. 459-460.)

On review, the California Supreme Court rejected the defendant's claim that the allegation that his prior conviction was a serious felony within the meaning of Penal Code sections 667, subdivision (a) and 1192.7 was insufficient to give him notice that the prosecution intended to prove that his current offense was a serious felony. The court held that, while the prosecution's failure to allege more specifically the subdivision under which it intended to prove that the current offense was a serious felony was a pleading error, this pleading error could be addressed only by demurrer and could not be raised on appeal. (*Equarte, supra*, 42 Cal.3d at pp. 466-467.) The court also rejected the defendant's contention that the enhancement was invalid because *the jury* had not made the factual finding that established that his current offense was a serious felony. "[T]here is no merit to defendant's claim that the enhancement is invalid because the jury in this case never explicitly found that defendant had 'personally used' the weapon. With defendant's consent, the section 667 enhancement issue was bifurcated from the remainder of the case and set for determination by the court. On the basis of the evidence that had been presented at trial, the court could properly find that the prosecution had proved defendant's 'personal use' of the weapon; indeed, the record leaves no doubt on this factual point." (*Equarte, supra*, at p. 467.)[1]

There are several parallels between the facts of this case and *Equarte*. Both defendant and Equarte were charged with offenses which were not ipso facto serious felonies, and they were each alleged to have suffered a prior serious felony conviction within the meaning of Penal Code sections 667,

---

[1]At least one court has read *Equarte* as holding that ". . . the prosecution is not required to plead and prove [to a jury] the [facts reflecting that the current offense is a serious felony] as a separate enhancement." (*People* v. *Brown* (1988) 201 Cal.App.3d 1296, 1302 [247 Cal.Rptr. 683].)

subdivision (a) and 1192.7, subdivision (c). Defendant and Equarte each waived their right to a jury trial on the "prior conviction" issue. In both cases, the defendants were tried on charging documents which did not include specific allegations of the facts which would establish that the current offenses were serious felonies. Following the discharge of the jury in each case, the trial court found not only that the prior conviction was a serious felony but also that the current offense was a serious felony. On review, each defendant challenged the imposition of the Penal Code section 667, subdivision (a) enhancement on the grounds that (1) he had been deprived of his right to a jury trial on the issue of whether the current offense was a serious felony and (2) he had been deprived of adequate notice that the prosecution would attempt to prove that the current offense was a serious felony. The California Supreme Court rejected Equarte's contentions, and it would seem that the same analysis would require us to reject defendant's claims.

However, defendant argues that *Equarte* is "distinguishable" because the basis for the serious felony finding in that case was that the defendant had personally used a dangerous or deadly weapon. Defendant does not explain *why* he believes that this fact makes the holding in *Equarte* inapplicable here. It is true that the finding in *Equarte* that the current offense was a serious felony was premised on Penal Code section 1192.7, subdivision (c)(23) while the finding herein that defendant's current offense was a serious felony was based on subdivision (c)(8). This fact does not alter the applicability of the California Supreme Court's holdings in *Equarte, supra,* 42 Cal.3d 456. Equarte's current offense was an assault with a deadly weapon. The only question that had to be resolved in order to make a finding that this offense was a serious felony was whether Equarte had *personally* used that weapon in committing the assault. Similarly, defendant's current offense is battery with serious bodily injury. The only question that the court had to resolve in order to find that this offense was a serious felony was that defendant had *personally* inflicted the injury. The findings in question in the two cases are extremely similar. Defendant's claimed basis for distinguishing *Equarte* is without merit.

While defendant's attack on the applicability of *Equarte* has no merit, it remains to be resolved whether other differences between this case and *Equarte* merit a different result in this case. Since *Equarte,* the Legislature has enacted Penal Code section 969f: "Whenever a defendant has committed a serious felony as defined in subdivision (c) of Section 1192.7, the facts that make the crime constitute a serious felony *may be charged* in the accusatory pleading. However, the crime shall not be referred to as a serious felony nor shall the jury be informed that the crime is defined as a serious felony. This

charge, if made, shall be added to and be a part of the count or each of the counts of the accusatory pleading which charged the offense. If the defendant pleads not guilty to the offense charged in any count which alleges that the defendant committed a serious felony, *the question whether or not the defendant committed a serious felony as alleged shall be tried by the court or jury which tries the issue upon the plea of not guilty.* If the defendant pleads guilty of the offense charged, the question whether or not the defendant committed a serious felony as alleged shall be separately admitted or denied by the defendant." (Pen. Code, § 969f, subd. (a), italics added.)

While Penal Code section 969f requires that an allegation of specific facts that would make the current offense a serious felony must be tried to the same factfinder which tries the substantive offense, Penal Code section 969f does not *require* an information to include such an allegation (i.e., to allege "the facts" which make the current offense a serious felony) whenever the prosecution seeks to prove that the current offense is a serious felony.[2] Consequently, in the absence of an allegation of specific facts that would make the current offense a serious felony, Penal Code section 969f provides no guidance as to whether or not the issue of the serious felony nature of the current offense was part of the bifurcated "prior conviction" issue on which defendant waived his right to a jury trial. In *Equarte, supra,* 42 Cal.3d 456, the California Supreme Court held that Equarte's waiver of his right to a jury trial on the "prior conviction" issue *included* the issue of whether or not his current offense was a serious felony. In the absence of authority to the contrary, we are bound by *Equarte.* (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

Defendant claims that the trial court committed "reversible error" of "Constitutional magnitude" by depriving him of his right to a jury trial on the issue of whether his current offense was a serious felony. He reiterates that he only waived his right to a jury trial on the "issue regarding the priors," and he claims that he retained the right to a jury trial on the allegation that his current offense was a serious felony. At the time that defendant waived his right to a jury trial on the "issue regarding the priors," the information contained an allegation that defendant had personally inflicted the injury. While defendant takes the position that he intended for this allegation to be put before the jury, notwithstanding his waiver of a jury trial on the "issue regarding the priors," the record belies this contention.

When the prosecutor subsequently and mistakenly deleted that allegation while retaining the Penal Code section 667, subdivision (a) allegation,

---

[2]The legislative history of Penal Code section 969f demonstrates that it was intended to identify serious felony offenses for the sole purpose of enhancing *future* convictions.

defendant must have comprehended that the prosecutor still intended to prove that the current offense was a serious felony. If the prosecutor had intended to abandon the contention that defendant's current offense was a serious felony, the prosecutor would have eliminated the Penal Code section 667, subdivision (a) allegation. Had defendant really intended to retain a right to a jury trial on the issue of whether the current offense was a serious felony, he would have recognized that the prosecutor's proposed amendment of the information would eliminate the only basis upon which this question could be put before the jury. Instead of challenging the amendment, defendant offered no objection to it. It was only after the jury had been discharged and the prosecutor sought to prove that the current offense was a serious felony that defendant proclaimed that he had been deprived of his right to a jury trial on this issue. In *People* v. *Vera* (1997) 15 Cal.4th 269 [62 Cal.Rptr.2d 754, 934 P.2d 1279], the California Supreme Court held that a defendant could not challenge a prison prior enhancement on appeal on the ground that he had been denied his right to a jury trial on the enhancement allegation because he had waived the contention by failing to object to the alleged deprivation prior to the trial court's discharge of the jury. (*Vera, supra,* at p. 278.) We find this holding applicable here.[3]    Defendant was aware of the fact that the prosecutor intended to prove that his current offense was a serious felony, yet he failed to object to the absence of a jury determination on this issue prior to the trial court's discharge of the jury. Hence, he may not raise this issue on appeal.

We fail to see any substantial, rather than trivial, basis upon which we may distinguish *Equarte, supra,* 42 Cal.3d 456.    It follows that we are bound by the California Supreme Court's holdings in *Equarte* that a court trial of the issue of whether a current offense is a serious felony does not deprive a defendant of notice where the charging document properly alleged a Penal Code section 667, subdivision (a) enhancement and does not deprive a defendant of his right to jury trial on the enhancement where the defendant waived his right to a jury trial on the "prior conviction" issue.

B.   *Finding That Prior Conviction Was a Serious Felony Conviction**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## CONCLUSION

The judgment is reversed. The trial court's finding that defendant's prior conviction was a serious felony conviction is reversed, and the Penal Code

---

[3]Like the jury trial right at issue in *Vera, supra,* 15 Cal.4th 269, the jury trial right which defendant claims was abridged here was a statutory rather than constitutional right.

*See footnote, *ante,* page 469.

section 667, subdivision (a) enhancement and the Penal Code section 1170.12 finding are hereby stricken for insufficiency of the evidence. The matter is remanded for resentencing.

Elia, Acting P. J., and Wunderlich, J., concurred.