Filed 3/24/15  P. v. Bailey CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JAMES BAILEY,<br><br>  Defendant and Appellant. | D064758<br><br><br><br>(Super. Ct. No. JCF29903) |

APPEAL from a judgment of the Superior Court of Imperial County, Christopher J. Plourd, Judge.  Affirmed as modified and remanded with directions.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

The Imperial County District Attorney charged James Bailey in a second amended information (information) with committing two felony offenses against the victim in this case, Justin Thompson, who is openly gay: (1) assault with a deadly weapon (count 1: Pen. Code,[1] § 245, subd. (a)(l)); and (2) battery with serious bodily injury (count 2: § 243, subd. (d), hereafter section 243(d)).

As to count 1 the information alleged that Bailey personally inflicted great bodily injury upon a nonaccomplice (§ 12022.7, subd. (a) (hereafter section 12022.7(a)) and that he committed the assault in violation of California's hate crime statute, section 422.75, subdivision (a) (hereafter section 422.75(a)). As to count 2 the information alleged that Bailey personally used a deadly weapon (§ 12022, subd. (b)(1)) and that he committed the battery in violation of the hate crime statute (§ 422.75(a)).

The information further alleged that the count 1 assault with a deadly weapon was a serious felony within the meaning of section 1192.7, subdivision (c)(8) (hereafter section 1192.7(c)(8)), because Bailey had personally inflicted great bodily injury upon Thompson within the meaning of section 12022.7(a) and that the count 2 battery with serious bodily injury was a serious felony within the meaning of section 1192.7, subdivision (c)(23), because Bailey had personally used a deadly and dangerous weapon (a stick) within the meaning of section 12022, subdivision (b)(1) (hereafter section 12022(b)(1)).

---

[1] All further statutory references are to the Penal Code.

Finally, the information alleged Bailey had three prior serious felony convictions in San Bernardino County, including a robbery conviction (§ 211) and two convictions of grand theft of property from the person of another (§ 487, subd. (c)), for purposes of the five-year sentence enhancement provided by section 667, subdivision (a)(l) (hereafter section 667(a)(l)).

*Waiver of Jury Trial on the Prior Serious Felony Conviction (Robbery) Allegation (§ 667(a)(1))*

While the jury was deliberating on the two charges and related enhancement allegations, Bailey personally waived his right to a jury trial on the section 667(a)(l) sentence enhancement allegation that he had suffered a prior robbery conviction, and his trial counsel indicated he concurred with that waiver.

*Jury Verdicts*

The jury found Bailey not guilty of the assault with a deadly weapon charged in count 1 but found him guilty of battery with serious bodily injury as charged in count 2, and it found to be true the hate crime enhancement alleged in count 2. The jury found to be not true the enhancement allegation in count 2 that Bailey personally used a deadly or dangerous weapon in committing that battery offense.

*Bench Trial on the Allegation that Bailey Had Suffered a Prior Robbery Conviction (§ 667(a)(1))*

After the verdicts were read, the court conducted the bifurcated bench trial on the sentence enhancement allegation that Bailey had suffered a prior robbery conviction (§ 667(a)(l)). The court found the allegation to be true beyond a reasonable doubt. Specifically, the court found that Bailey had suffered a prior conviction for robbery

3

(§ 211) and that the robbery conviction was a conviction for a serious felony within the meaning of section 667(a)(1) as well as a prior strike.[2]

*Sentencing and Imposition of the Five-Year Prior Serious Felony Enhancement (§ 667(a)(1))*

At the sentencing hearing, the court found that Bailey's current conviction for battery with serious bodily injury (count 2) was a serious felony for purposes of section 667(a)(l), the prior-serious-felony-conviction enhancement statute.

The court then sentenced Bailey to an aggregate determinate prison term of 11 years, consisting of the lower term of two years doubled to four years for his count 2 conviction of battery with serious bodily injury, plus a consecutive middle term of two years for the section 422.75 hate crime enhancement, plus a consecutive term of five years for the section 667(a)(l) enhancement.

---

[2]     This court requested that the parties submit supplemental letter briefs explaining where the record shows the disposition of the allegations in the second amended information that Bailey had suffered the two specified prior grand theft convictions. The Attorney General responded the trial court "did not make any findings" as to those two prior conviction allegations. As pertinent here, Bailey responded that "the prosecution effectively dismissed [those two] serious prior felony allegations by indicating to the trial court that they were alleged in error and failing to protest the trial court's finding that the only prior serious felony alleged was the prior robbery." The record shows the court and the parties treated those allegations as having been effectively dismissed. When Bailey waived his right to a jury trial on the prior robbery conviction allegation, the court asked, "[W[hy is there a [section 487(c)] charged as a serious felony?" The prosecutor replied, "Well, I think that was going to be a prison prior when we thought it was 2011 when that conviction occurred." The court then stated, "I only see one prior conviction that is a serious felony. That is an alleged [section] 211 in March . . . 26 of 2002." Neither the court nor counsel for the parties commented further on the prior grand theft conviction allegations. We deem the allegations to have been dismissed.

4

*Contentions and Holdings*

Bailey raises two contentions on appeal. First, he contends the court violated his statutory (§ 969f, subd. (a), hereafter section 969f(a)) and federal constitutional rights to a jury trial by (1) determining at sentencing that his current conviction of battery with serious bodily injury was a serious felony under section 1192.7(c)(8) (which provides that the term "serious felony" includes "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice"), and by (2) imposing a consecutive five-year prior-serious-felony-conviction enhancement under section 667(a)(l) based upon that determination.

Second, Bailey contends that the court erred in awarding him a total of only 375 days of presentence local custody credits (consisting of 326 days of credit for the actual time he served plus 49 days of conduct credit), and that the abstract of judgment should be corrected to reflect that he is entitled to a total of 652 days of presentence local custody credits. The Attorney General acknowledges that the abstract of judgment should be corrected to reflect that Bailey is entitled to a total of 652 days of presentence local custody credits.

For reasons we shall explain, we conclude the court properly imposed the five-year-sentence enhancement under section 667(a)(1). We also conclude the judgment must be modified to reflect that Bailey is entitled to a total of 652 days of presentence custody credit, consisting of 326 days of credit for the actual time he served in local presentence custody plus 326 days of conduct credit under section 4019. Thus, we affirm

5

the judgment as so modified and remand the matter with directions that the abstract of judgment be amended to reflect these modifications.

FACTUAL BACKGROUND[3]

A. *The People's Case*

The victim in this case, Thompson, testified that on May 26, 2013, he was visiting El Centro when he missed his bus home. Michael Davis, a family friend who lived in El Centro, offered to let Thompson stay with him. At Davis's apartment, Thompson met Bailey and some other people.

The following night, Thompson was sitting on a couch outside Davis's apartment when he heard Bailey call out to him from inside the apartment. Thompson went inside the apartment and found Davis, Bailey, and some other people inside. Bailey asked Thompson, "Are you—I hear that you're gay. I heard [t]hat you're bi. Are you bi, Justin?" Thompson, who was openly gay, replied, "Yes." Thompson testified that Bailey became very aggressive and upset. Bailey told Thompson, "We don't have that kind around us. You are here smoking cigarettes with us. We don't like that stuff. That's what's wrong with you. And we want you to leave. Get the fuck out." Holding a broomstick, Bailey threatened to beat Thompson. Thompson told him, "I'm still the same person. What's the problem?" When he saw that Bailey was becoming more aggressive, Thompson turned around and left the apartment.

---

3    As Bailey does not challenge the sufficiency of the evidence that supports the jury's verdicts, the following summary of the factual background is brief.

Bailey followed Thompson and stopped at the doorway of the apartment, still holding the broomstick.  After Bailey and Thompson exchanged more words, Bailey ordered Thompson to "[g]et the fuck out of here."  Using both hands in a chopping motion, Bailey then swung the broomstick three or four times at Thompson, each time hitting Thompson's forearm.  Drawn by Bailey's loud yelling, a crowd gathered around them.

As Thompson was walking backwards, moving away from Bailey, he tripped and fell onto a bicycle in the walkway.  A man yelled at Thompson, "What are you doing on my bike?  Get the fuck off my bike."  The man started kicking Thompson in the back of his head, and others joined in.  Thompson testified he tried to protect himself by "hunching up."  A woman stopped the people from kicking Thompson and helped him to stand up.  Thompson testified he had been kicked seven or eight times, but none of the kicks were to his face.

Thompson testified that, when he turned in the direction of his bicycle, Bailey "whack[ed]" his right eye with the broomstick.  Thompson yelled out with pain and was bleeding.  A man helped Thompson get his belongings, gave him a napkin with hand sanitizer, and told him he should go get stitches.  Thompson then rode his bicycle to a nearby hospital for treatment.

The parties stipulated that the injuries to Thompson's right eye included a "ruptured lobe, a dislocated lens, and two eyelid lacerations."

7

B.  *The Defense*

Several witnesses testified that Thompson used narcotics prior to the incident that resulted in his injuries, that he tried to provoke a fight with Bailey but Bailey never hit him, and that three or four Mexican men kicked him all over his body, including his head and face.

DISCUSSION

I.  *CLAIMED VIOLATION OF RIGHT TO A JURY TRIAL (§ 667(A)(1) PRIOR-SERIOUS-FELONY-CONVICTION ENHANCEMENT ALLEGATION)*

Bailey first contends the court violated his statutory (§ 969f(a)) and federal constitutional rights to a jury trial by (1) determining that his current conviction of battery with serious bodily injury (§ 243(d)) was a serious felony under section 1192.7(c)(8),[4] and by (2) imposing a consecutive five-year prior-serious-felony-conviction sentence enhancement under section 667(a)(l) based upon that determination.  We reject this contention and conclude the court properly determined Bailey's current offense is a serious felony under section 1192.7(c)(8) and, thus, the court properly imposed the five-year sentence enhancement under section 667(a)(1).

A.  *Bailey Waived His Right to a Jury Trial on the Issue of Whether His Current Offense Is a Serious Felony*

We first address Bailey's contention that the court violated his statutory and federal constitutional rights to a jury trial by determining in a bench proceeding that his

---

[4]     Section 1192.7(c)(8) provides in part:  "(c) As used in this section, 'serious felony' means any of the following:  [¶] . . .  (8) any felony in which the defendant *personally inflicts great bodily injury on any person, other than an accomplice* . . . ."  (Italics added.)

8

current conviction of battery with serious bodily injury was a serious felony under section 1192.7(c)(8).

    1. *Applicable legal principles*

    We begin with a discussion of section 667(a)(1), the statute under which the court imposed the challenged five-year sentence enhancement. Section 667(a)(1) provides:

> "In compliance with subdivision (b) of Section 1385, *any person convicted of a serious felony who previously has been convicted of a serious felony* in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, *shall receive*, in addition to the sentence imposed by the court for the present offense, *a five-year enhancement for each such prior conviction on charges brought and tried separately.* The terms of the present offense and each enhancement shall run consecutively." (Italics added.)

    As another panel of this court explained in *People v. Taylor* (2004) 118 Cal.App.4th 11 (*Taylor*), "[s]ection 667[(a)(1)] provides a five-year sentence enhancement for serious felony priors. The statute applies *only if the current conviction itself is also a serious felony*. Serious felonies are defined in section 1192.7, subdivision (c) [(hereafter section 1192.7(c))]. 'Section 1192.7[(c)] lists some felonies that are per se serious felonies, such as murder, mayhem, rape, arson, robbery, kidnapping, and carjacking.' [Citation.] If the current conviction falls within this group of crimes, 'then the question whether that conviction qualifies as a serious felony is entirely legal.' " (*Taylor*, at p. 22, italics added.)

    This court also explained in *Taylor* that "[s]ection 1192.7[(c)] defines other crimes as serious felonies by reference 'to conduct rather than to a specific crime.' [Citations.] For example, the statute defines serious felonies to include 'any felony in which the

9

defendant *personally inflicts great bodily injury on any person, other than an accomplice . . .* ' (§ 1192.7[(c)(8)]), or 'any felony in which the defendant personally used a dangerous or deadly weapon' (§ 1192.7, subd. (c)(23)).  [¶] Under these conduct-based definitions, a felony that does not qualify as a serious felony as a matter of law may be found to constitute a serious felony if the prosecution properly pleads and proves the facts necessary to establish the defined conduct.  [Citation.]  The prosecution may satisfy this burden by pleading and proving a separate sentence enhancement that has the same factual elements as the defined serious felony conduct [citation], such as an enhancement for *personally inflicting great bodily injury* (§ 12022.7) . . . or personally using a deadly or dangerous weapon (§ 12022, subd. (b)(1))."  (*Taylor, supra*, 118 Cal.App.4th at p. 23, italics added.)

A defendant has both a federal constitutional right and (if the current substantive charges are tried to a jury) a statutory right under section 969f(a)[5] to a jury trial on alleged facts that would make a charged offense a serious felony under sections 1192.7(c) and 667(a)(1).  (*Taylor, supra*, 118 Cal.App.4th at pp. 27, 29.)  Regarding a defendant's

_____

[5]    Section 969f(a) provides in full:  "*Whenever a defendant has committed a serious felony as defined in subdivision (c) of Section 1192.7, the facts that make the crime constitute a serious felony may be charged in the accusatory pleading.*  However, the crime shall not be referred to as a serious felony nor shall the jury be informed that the crime is defined as a serious felony.  This charge, if made, shall be added to and be a part of the count or each of the counts of the accusatory pleading which charged the offense.  *If the defendant pleads not guilty to the offense charged in any count which alleges that the defendant committed a serious felony, the question whether or not the defendant committed a serious felony as alleged shall be tried by the court or jury which tries the issue upon the plea of not guilty.*  If the defendant pleads guilty of the offense charged, the question whether or not the defendant committed a serious felony as alleged shall be separately admitted or denied by the defendant."  (Italics added.)

10

statutory right to a jury trial under section 969f(a), this court explained in *Taylor* that,

"[w]here the charging document alleges facts that would make the charged crime a

serious felony—such as personal infliction of great bodily injury [on a nonaccomplice

(§ 1192.7(c)(8))]—'the question whether or not the defendant committed a serious felony

as alleged shall be tried by the court or jury which tries the issue upon the plea of not

guilty.' " (*Id*. at p. 27, quoting § 969f.) *Taylor* further explained that " 'section 969f

requires that an allegation of specific facts that would make the current offense a serious

felony must be tried to the same factfinder which tries the substantive offense . . . .' "

(*Taylor*, at p. 27, quoting *People v. Yarbrough* (1997) 57 Cal.App.4th 469, 477

(*Yarbrough*).)

However, as a general rule, a defendant waives the right to a jury trial as to alleged

facts establishing that a *current* charged offense is a serious felony within the meaning of

sections 1192.7(c) and 667(a)(1) if the defendant waives his or her right to a jury trial on

an allegation under section 667(a)(1) that he or she had suffered a *prior* serious felony

conviction. (*People v. Equarte* (1986) 42 Cal.3d 456, 459-460, 466-467 (*Equarte*)

[where defendant waived his right to a jury trial on an allegation under section 667(a) that

he had suffered a *prior* serious felony conviction, *the court* could properly find the

prosecution had proved facts establishing that defendant's *current* offense also was a

serious felony under sections 1192.7(c) and 667(a)]; *People v. Arnett* (2006) 139

Cal.App.4th 1609, 1613-1614, 1616, review denied, cert. denied May 14, 2007, 550 U.S.

937 (*Arnett*) [defendant's waiver of his right to a jury trial on a section 667(a) allegation

that he had suffered a prior serious felony conviction "encompassed his right to a jury

11

determination of whether his current offense was a serious felony for purposes of section 667[(a)]," and, thus, the trial court properly imposed a five-year sentence enhancement under section 667(a)]; *Yarbrough, supra*, 57 Cal.App.4th at p. 478 ["[W]e are bound by the California Supreme Court's holding[] in *Equarte*[*, supra*, 42 Cal.3d 456], that a court trial of the issue of whether a current offense is a serious felony [for purposes of section 667(a)] does not deprive a defendant of his right to jury trial on the [section 667(a)] enhancement [allegation] where the defendant waived his right to a jury trial on the 'prior conviction' issue."].)  Like the *Yarbrough* court, we are bound by the California Supreme Court's decision in *Equarte, supra*, 42 Cal.3d 456.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

2. *Analysis*

Applying the foregoing principles, we first conclude the court did not violate Bailey's right to a jury trial when it determined in the bench proceeding during sentencing that Bailey's current offense—battery with serious bodily injury (§ 243(d))—is a serious felony within the meaning of sections 1192.7(c)(8) and 667(a)(1).  As a preliminary matter, we note that section 243(d),[6] under which Bailey was convicted of count 2, "provides that when a battery is committed against a person which results in serious bodily injury, the battery may be punished either as a misdemeanor (by incarceration in county jail for up to one year), or as a felony (by incarceration in state prison for two,

---

6    Section 243(d) provides in full:  "When a battery is committed against any person and serious bodily injury is inflicted on the person, the battery is punishable by imprisonment in a county jail not exceeding one year or imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years."

12

three or four years)." (*People v. Hawkins* (1993) 15 Cal.App.4th 1373, 1375, fn. omitted.) Subdivision (f)(4) of section 243 defines "serious bodily injury" to mean "a serious impairment of physical condition, including, but not limited to, the following: loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any body member or organ; a wound requiring extensive suturing; and serious disfigurement."

Here, it is undisputed that Bailey's current felony conviction of battery with serious bodily injury (count 2) is not one of the enumerated crimes that qualify as per se serious felonies. (See § 1192.7, subd. (c); *Taylor, supra*, 118 Cal.App.4th at pp. 22-23 ["[B]attery with serious bodily injury (§ 243[(d)]) is not one of the enumerated crimes that qualify as per se serious felonies."].) Thus, the issue of whether Bailey's current offense was a serious felony for purposes of the enhancement provided by section 667(a)(1) was a factual question for the jury to determine absent a waiver of Bailey's right to a jury trial on that question. (*Taylor, supra*, 118 Cal.App.4th at pp. 27, 29.)

The accusatory pleading in this case, the information, asserted two separate conduct-based factual allegations that, if found to be true by the trier of fact, would support a finding that Bailey's current offense (battery with serious bodily injury) was a serious felony within the meaning of section 1192.7(c), and thus would support the imposition of a five-year sentence enhancement under section 667(a)(1). First, the information contained an enhancement allegation that Bailey, in committing the assault with a deadly weapon as charged in count 1, "*personally inflicted great bodily injury upon* [*Thompson*], *not an accomplice* to the above offense within the meaning of [section

13

12022.7, subdivision (a)] and also causing the above offense to become a serious felony within the meaning of . . . section 1192.7(c)(8)."[7] (Italics added.) As already noted, the jury found Bailey not guilty of count 1. The verdict form used by the jury to return their verdict that Bailey was not guilty of count 1 was *silent* with respect to the allegation that he inflicted great bodily injury on Thompson, presumably because the court had instructed the jury *not* to decide whether Bailey had inflicted great bodily injury upon Thompson unless it found Bailey *guilty* of count 1.[8]

Second, the information contained an enhancement allegation that Bailey, in committing a battery with serious bodily injury upon Thompson during the same incident as charged in count 2, "personally used a deadly and dangerous weapon[], to wit, [a stick], said use not being an element of the above offense within the meaning of [section 12022, subdivision (b)(1)] and causing the above offense to become a serious felony within the meaning of . . . section 1192.7(c)(23)." The jury found Bailey guilty of count 2 and found to be *not true* the enhancement allegation that Bailey personally used a deadly or dangerous weapon in committing that battery offense. Although (see fn. 6,

---

[7] Although the allegation that Bailey inflicted great bodily injury upon Thompson, thereby "causing the above offense to become a serious felony within the meaning of . . . section 1192.7(c)(8)," is asserted in count 1 only, the two substantive charges (the assault with a deadly weapon charged in count 1 and the battery with serious bodily injury charged in count 2) *both* arose out of Bailey's attack on Thompson on May 27, 2012.

[8] The court instructed the jury under a modified version of CALCRIM No. 3160 ("Great Bodily Injury") that, "[i]f you find the defendant guilty of the crime charged in Count [1,] you must then decide whether the People have proved the additional allegation that the defendant personally inflicted great bodily injury on [Thompson] in the commission or attempted commission of that crime."

14

*ante*) the information alleged that Bailey inflicted great bodily injury upon Thompson during the attack, the verdict form used by the jury to find Bailey guilty of count 2 did not ask the jury to determine whether Bailey inflicted such injury upon Thompson.

As noted, Bailey contends the court violated his right to a jury trial when it found during the sentencing proceeding that his current offense—battery with serious bodily injury—was a serious felony within the meaning of sections 1192.7(c)(8) and 667(a)(l). In making that finding, the court determined that—unlike the jury in *Taylor, supra*, 118 Cal.App.4th 11 (which specifically found the defendant in that case did *not* inflict great bodily injury in the commission of the charged offenses; see *Taylor*, *supra*, 118 Cal.App.4th at p. 16) —the jury in this case made "no express finding" that Bailey inflicted great bodily injury upon Thompson when he committed his current offense (count 2). The court found that "[t]he only finding that [the jury] made was that [Bailey] committed battery with serious bodily injury," and case law held that serious bodily injury is the functional equivalent of great bodily injury.

We reject Bailey's contention that the court violated his right to a jury trial when it ruled that his current count 2 offense was a serious felony within the meaning of sections 1192.7(c)(8) and 667(a)(1). It is undisputed that Bailey waived his right to a jury trial on the sentence enhancement allegation under section 667(a)(l) that he had suffered a prior conviction of a serious felony. That waiver "encompassed his right to a jury determination of whether his current offense was a serious felony for purposes of section 667[(a)]." (*Arnett, supra*, 139 Cal.App.4th at pp. 1613-1614.) Thus, by waiving his right to a jury trial on the section 667(a)(l) allegation that he had suffered a prior serious felony

15

conviction, as a matter of law Bailey waived his right to a jury trial on the related issue of whether current offense was a serious felony within the meaning of sections 1192.7(c)(8) and 667(a)(1). (*Equarte, supra*, 42 Cal.3d at pp. 459-460, 466-467; *Arnett, supra*, 139 Cal.App.4th at pp. 1613-1614, 1616; *Yarbrough, supra*, 57 Cal.App.4th at pp. 477-478).

B. *The Court Properly Found Bailey's Current Offense Is a Serious Felony and Properly Imposed the Five-Year Section 667(A)(1) Sentence Enhancement*

We also conclude the court properly found that, for purposes of section 667(a)(1), Bailey's current conviction of battery with serious bodily injury in violation of section 243(d) is a serious felony under section 1192.7(c)(8), which (as already noted) defines "serious felony" as including "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice." The California Supreme Court has explained that " ' "[s]erious bodily injury" and "great bodily injury" are essentially equivalent elements." ' " (*People v. Burroughs* (1984) 35 Cal.3d 824, 831, disapproved on other grounds in *People v. Blakeley* (2000) 23 Cal.4th 82, 89, quoting *People v. Corning* (1983) 146 Cal.App.3d 83, 90-91, which cited *People v. Kent* (1979) 96 Cal.App.3d 130, 136-137.) Citing *Burroughs*, the Court of Appeal explained in *People v. Moore* (1992) 10 Cal.App.4th 1868 (*Moore*), that "[o]ur Supreme Court has held that the term 'serious bodily injury,' as intended in section 243[(d)], is 'essentially equivalent' with the element of 'great bodily injury' presented in other criminal statutes." (*Moore*, at p. 1871.)

16

More recently, the Court of Appeal explained in *Arnett, supra*, 139 Cal.App.4th 1609, that, "[u]nder section 1192.7[(c)(8)], an offense is a serious felony if, in committing the offense, the defendant personally inflicts great bodily injury on a person other than an accomplice. Numerous courts have recognized that '[t]he terms "serious bodily injury" and "great bodily injury" have substantially the same meaning.' [Citations.] In fact, great bodily injury has been held to be 'an element of battery under section 243[(d)] ([*People v. Hawkins I*]*, supra*, 15 Cal.App.4th at p. 1375), including for purposes of establishing the enhancement contained in section 667[(a)] (*Moore*[*, supra*,] 10 Cal.App.4th [at p.] 1871.)" (*Arnett*, at pp. 1613-1614.)

We are bound by the California Supreme Court's holding in *People v. Burroughs*, *supra*, 35 Cal.3d 824, that "serious bodily injury" and "great bodily injury" are essentially equivalent elements. (*Auto Equity Sales, Inc. v. Superior Court, supra*, 57 Cal.2d at pp. 455-456.) By finding Bailey guilty of battery with serious bodily injury, as charged in count 2, the jury necessarily found that he personally inflicted serious bodily injury on Thompson. As discussed, *ante*, "serious bodily injury" and "great bodily injury" are essentially equivalent elements. (*Burroughs*, at p. 831.) Thus, the "serious bodily injury" element of Bailey's current section 243(d) felony offense is essentially equivalent to the element of "great bodily injury" in other criminal statutes, including section 1197.2(c)(8) for purposes of establishing the five-year sentence enhancement provided by section 667(a)(1). (*Arnett, supra*, 139 Cal.App.4th at pp. 1613-1614; *Moore, supra*, 10 Cal.App.4th at p. 1871; see *People v. Hawkins, supra*, 15 Cal.App.4th at p. 1375.) Accordingly, we conclude the court properly found that, for purposes of section

17

667(a)(1), Bailey's current conviction of battery with serious bodily injury in violation of section 243(d) is a serious felony under section 1192.7(c)(8).

In an effort to circumvent the foregoing well-established rule that "serious bodily injury" and "great bodily injury" are essentially equivalent elements, and to support his unmeritorious contention that the court erred in finding his count 2 section 243(d) offense is a serious felony under sections 1192.7(c)(8) and 667(a)(1), Bailey claims the jury found he did *not* inflict great bodily injury upon Thompson. Specifically, citing the partially blank *count 1 guilty verdict form*, Bailey asserts that, although the jury found him *not guilty* of count 1, it "found the [count 1] great bodily injury enhancement to be *not true*." (Italics added.) Based on this assertion, which (as we shall explain) is based on a distortion of the record, Bailey then asserts that, "as in *Taylor*[*, supra*, 118 Cal.App.4th 11,] the jury's guilty verdict on battery with serious [bodily] injury was not the same as a finding that [he] personally inflicted great bodily injury." The Attorney General responds by arguing that, "[t]hough the jury returned a not true finding regarding the great-bodily-injury enhancement alleged as to count 1, . . . it appears the jury did so because it was 'following suit,' in the sense that it erroneously believed it was required to submit a not true finding on the enhancement if it acquitted [Bailey] of the substantive count."

Both parties misconstrue the record, and we reject Bailey's claim that the jury actually made a finding that, in committing his count 2 offense (battery with serious bodily injury), he did not inflict great bodily injury upon Thompson. As noted, in claiming that the jury returned a verdict finding Bailey did not inflict great bodily injury

18

upon Thompson, Bailey relies on the count 1 *guilty* verdict form. On that form, the first (and unsigned and undated) portion of which the foreperson would have signed and dated in the event the jury had found Bailey *guilty* of that count, the jury foreperson put an "X" on the line marked "NOT TRUE" beneath the next portion of the verdict form, which stated, "We the jury . . . find [Bailey], did in the commission of the above offense, inflict great bodily injury upon [Thompson], within the meaning of [section 12022.7(a)]." The foreperson then signed and dated that portion of the form.

The court, however, had instructed the jury *not* to decide whether Bailey had inflicted great bodily injury upon Thompson as alleged in count 1 *unless* it found Bailey *guilty* of count 1. Specifically, as already discussed, the court instructed the jury under a modified version of CALCRIM No. 3160 that, "[*i*]*f* you find the defendant *guilty* of the crime charged in Count [1,] you must *then* decide whether the People have proved the additional allegation that the defendant personally inflicted great bodily injury on . . . Thompson in the commission or attempted commission of that crime." (Italics added.) Bailey simply disregards this jury instruction in claiming, erroneously, that the jury found he did not inflict great bodily injury upon Thompson.

However, as the jury found Bailey *not guilty* of count 1 (assault with a deadly weapon), it could not make a finding on the count 1 infliction-of-great-bodily-injury allegation without violating the court's instruction that it should decide whether Bailey had inflicted great bodily injury upon Thompson only if it found Bailey *guilty* of that count.

The record establishes that, despite the jury foreperson's erroneous written indications to the contrary on the count 1 guilty verdict form (discussed, *ante*), the jury in fact did *not* return a not true finding on the merits of the count 1 allegation that Bailey inflicted great bodily injury upon Thompson. Specifically, the record shows the court read the jury's verdicts into the record, and, although the court read the count 1 *not guilty* verdict form showing the jury found Bailey not guilty of assault with a deadly weapon as charged in that count, it did *not* read the portion of the separate and partially blank count 1 *guilty* verdict form in which the jury foreperson erroneously indicated the jury found Bailey did not inflict great bodily injury upon Thompson.[9] Instead, the court then immediately read the count 2 guilty verdict form in which the jury (1) found Bailey guilty of battery with serious bodily injury as charged in that count, (2) found true the allegation that Bailey committed that count 2 offense because of Thompson's sexual orientation within the meaning of section 422.75(a), and (3) found not true the additional allegation that Bailey used a deadly weapon in committing count 2. The reporter's transcript shows that, when they were individually polled, the jurors all indicated the foregoing verdicts were their "true and correct" verdicts. For the foregoing reasons we conclude that,

---

[9]     The reporter's transcript of the June 20, 2013 proceeding at which the court read the verdicts into the record shows that, after the jury reached its verdicts and the court received the verdict forms, the court conducted an unreported sidebar conference with both counsel immediately before the court read the verdicts into the record. The record is silent as to whether the court, before it read the verdicts, consulted with counsel regarding the jury foreperson's written indication on the count 1 guilty verdict form that the jury found to be not true the count 1 allegation that Bailey inflicted great bodily injury upon Thompson.

20

contrary to Bailey's claim on appeal, the jury's verdicts did *not* include a finding that Bailey *did not* inflict great bodily injury upon Thompson.

Bailey's reliance on this court's decision in *Taylor, supra*, 118 Cal.App.4th 11, is therefore misplaced because that case is distinguishable. In *Taylor*, the jury specifically found the defendant did *not* inflict great bodily injury when he committed the charged offenses, one of which was battery with serious bodily injury (§ 243(d)). (*Taylor, supra*, 118 Cal.App.4th at pp. 16, 21-22.) At sentencing, defense counsel argued that the current offenses thus did not qualify as serious felonies under section 1192.7(c)(8), which defines serious felonies to include "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice . . . ." (*Taylor*, at p. 22.) Rejecting that argument and ruling that the defendant's conviction for battery with serious bodily injury qualified as a serious felony, the trial court imposed under section 667(a)(1) a five-year sentence enhancement for the defendant's serious felony priors. (*Taylor*, at p. 22.) On appeal, the Attorney General claimed the defendant's conviction for battery with serious bodily injury qualified as a serious felony under section 1192.7(c)(8) because case law held that serious bodily injury is *legally equivalent* to great bodily injury, and this court was required to treat the conviction for battery with serious bodily injury as a serious felony despite the fact that the jury had specifically found that the defendant did *not* personally inflict great bodily injury in the commission of the charged offenses. In rejecting the Attorney General's argument, this court cited *Mesecher v. County of San Diego* (1992) 9 Cal.App.4th 1677, for the proposition that courts must make every effort to interpret a jury's verdict as being consistent. (*Taylor*, at pp. 23-24.) This court

21

ordered the five-year sentence enhancement stricken, stating, "Based on a careful review of the record, we conclude that the jury's findings are not inconsistent with one another. In the particular circumstances of this case, the conviction for battery with serious bodily injury is not legally or factually equivalent to a finding of great bodily injury." (*Taylor*, at pp. 24, 31.)

*Taylor* is clearly distinguishable. In that case, as noted, the jury specifically found the defendant, in committing battery with serious bodily injury, did *not* personally inflict great bodily injury upon the victim, and thus the trial court erred in imposing a five-year sentence enhancement under section 667(a)(1) by treating the jury's finding that the *serious bodily injury* inflicted by the defendant as the *functional equivalent* of a finding that the defendant personally inflicted *great bodily injury* within the meaning of section 1192.7(c)(8), thereby rendering the offense a serious felony. Here, in contrast, the jury found Bailey guilty of battery with serious bodily injury, and as explained above did not make another finding on the great bodily injury enhancement alleged in count 1. Thus, the trial court in this case properly treated the jury's count 2 finding that Bailey inflicted serious bodily injury on Thompson as the functional equivalent of a finding that he personally inflicted great bodily injury upon Thompson within the meaning of section 1192.7(c)(8), thereby rendering the offense a serious felony for purposes of section 667(a)(1). (*People v. Burroughs, supra*, 35 Cal.3d at p. 831; *Arnette, supra*, 139 Cal.App.4th at pp. 1613-1614; *Moore, supra*, 10 Cal.App.4th at p. 1871.) The fact that the trial court in this case gave separate instructions on the meaning of serious bodily injury and great bodily injury does not change the fact that *Taylor* is distinguishable for

22

the reasons stated, *ante*, and it does not require that this court reach a different conclusion as to whether the court properly imposed the five-year sentence enhancement under section 667(a)(1).

For all of the foregoing reasons, we conclude the court properly imposed the section 667(a)(1) five-year sentence enhancement.

II. *CLAIM OF SENTENCING ERROR* (§ *4019 PRESENTENCE CUSTODY CREDITS*)

Bailey also contends that the court erred in awarding him a total of only 375 days of presentence local custody credits (consisting of 326 days of credit for the actual time he served plus 49 days of conduct credit), and that the abstract of judgment should be corrected to reflect that he is entitled to a total of 652 days of presentence local custody credits. The Attorney General correctly acknowledges that the abstract of judgment should be corrected to reflect that Bailey is entitled to a total of 652 days of presentence local custody credits. Accordingly, the judgment should be modified to reflect that Bailey is entitled to a total of 652 days of presentence custody credit, consisting of 326 days of credit for the actual time he served in local presentence custody plus 326 days of conduct credit under section 4019.

## DISPOSITION

The judgment is modified to reflect that Bailey is entitled to a total of 652 days of presentence custody credit, consisting of 326 days of credit for the actual time he served in local presentence custody plus 326 days of conduct credit under Penal Code section 4019. The clerk of the superior court is directed to prepare an amended abstract of judgment to reflect these modifications to the judgment and to forward a certified copy to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

NARES, Acting P. J.

WE CONCUR:

HALLER, J.

McDONALD, J.

24