[No. B059331. Second Dist., Div. Five. Nov. 23, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
RODNEY MOORE et al., Defendants and Appellants.

[No. B063332. Second Dist., Div. Five. Nov. 23, 1992.]

In re RODNEY MOORE on Habeas Corpus.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Statement of Facts and parts I through IV of the Discussion.

COUNSEL

Earl C. Broady, Jr., and Janyce Keiko Imata Blair, under appointments by the Court of Appeal, for Defendants and Appellants and Petitioner.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, Linda C. Johnson and Keith H. Borjon, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BOREN, J.**—A jury convicted appellants Rodney Moore and Wali Ameer Webb of willful, deliberate and premeditated attempted murder (Pen. Code, §§ 664/187). The jury also found Moore guilty of second degree robbery with the personal use of a firearm (Pen. Code, §§ 211 & 12022.5) and found Webb had personally used a firearm and inflicted great bodily injury in the commission of the offense (Pen. Code, §§ 12022.5 & 12022.7). Both defendants waived jury as to allegations that Moore had suffered two prior serious felony convictions and that Webb had suffered one. (Pen. Code, § 667, subd. (a).) The court found the allegations true.

We affirm the judgments and deny Moore's petition for writ of habeas corpus. In the unpublished portion of this opinion we deal with appellants' contentions on appeal that the evidence was insufficient, that the trial court improperly admitted evidence regarding gang practices, and that the trial court committed instructional error; we also address therein Moore's habeas corpus contention that he was denied effective assistance of counsel.

In the published portion of this opinion we determine that a felony battery committed by means of "serious bodily injury" (Pen. Code, § 243, subd. (d)) may be used to enhance a sentence under the "serious felony" provisions of Penal Code sections 667, subdivision (a), because the term "serious bodily injury" is essentially equivalent to and synonymous with the term "great bodily injury," as required by Penal Code section 1192.7, subdivision (c)(8).

### STATEMENT OF FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISCUSSION

### I-IV*

. . . . . . . . . . . . . . . . . . . . . . . . .

### V

 Moore urges that the trial court erred in enhancing his sentence by five years pursuant to the prior serious felony provisions of Penal Code section 667. He contends that his prior conviction for battery (Pen. Code, § 243, subd. (d)) does not come within the purview of section 667.

---

*See footnote, *ante*, page 1868.

Subdivision (d) of section 667 defines a serious felony for enhancement purposes as a felony listed in Penal Code section 1192.7, subdivision (c). Although felony battery is not one of the numerous offenses specified in the catalog of serious felonies in Penal Code section 1192.7, subdivision (c), the offense comes under the statute's general category of "any other felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant personally uses a firearm." (Pen. Code, § 1192.7, subd. (c)(8).)

A felony battery, of which Moore had been previously convicted, is defined as an offense in which "serious bodily injury is inflicted on the person." (Pen. Code, § 243, subd. (d).) Our Supreme Court has held that the term "serious bodily injury," as intended in section 243, subdivision (d), is "essentially equivalent" with the element of "great bodily injury" presented in other criminal statutes. (*People* v. *Burroughs* (1984) 35 Cal.3d 824, 831 [201 Cal.Rptr. 319, 678 P.2d 894]; see also *People* v. *Villarreal* (1985) 173 Cal.App.3d 1136, 1140-1141 [219 Cal.Rptr. 371].) Other courts, in comparing the "serious bodily injury" element of felony battery to the "great bodily injury" requirement of another enhancement statute (Pen. Code, § 12022.7), have held that the two terms are "substantially similar" (*People* v. *Kent* (1979) 96 Cal.App.3d 130, 137 [158 Cal.Rptr. 35]) and "essentially equivalent" (*People* v. *Corning* (1983) 146 Cal.App.3d 83, 90 [194 Cal.Rptr. 27]). Nothing indicates the Legislature intended that these two terms should have separate and distinct meanings with regard to a "serious felony" sentence enhancement, and we perceive no reason to make any distinction between the two terms. We therefore find that the element of "serious bodily injury," as required for felony battery, is essentially equivalent to or synonymous with "great bodily injury" for the purpose of a "serious felony" sentence enhancement pursuant to Penal Code sections 667, subdivisions (a) and (d), and 1192.7, subdivision (c)(8).

In the present case, the trial court took judicial notice of and examined the entire superior court file in the prior battery case and observed, in part, that Moore was the only defendant charged in that case and was the sole perpetrator of the crime. The court properly went behind the minimum elements of the offense and considered the entire record of the conviction in determining the validity of the prior serious felony conviction allegation. (See *People* v. *Guerrero* (1988) 44 Cal.3d 343, 348-356 [243 Cal.Rptr. 688, 748 P.2d 1150].) In determining that Moore was the only defendant charged in the prior battery offense, the court necessarily determined that Moore "personally" inflicted the great bodily injury and that he did so on a person "other than an accomplice," as required by the defining language in Penal Code section 1192.7, subdivision (c)(8). Accordingly, the court properly

imposed a five-year enhancement for the prior serious felony conviction (Pen. Code, § 667, subd. (a)) of battery.

DISPOSITION

The judgments are affirmed, and Moore's petition for a writ of habeas corpus is denied.

Turner, P. J., and Grignon, J., concurred.

Appellants' petition for review by the Supreme Court was denied March 10, 1993.