[No. B055573. Second Dist., Div. Two. May 19, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
JEFFREY ALLEN HAWKINS, Defendant and Appellant.

COUNSEL

Dennis L. Cava, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, Tricia A. Bigelow and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

NOTT, J.—As a result of a trial by jury, appellant Jeffrey Hawkins was convicted of battery with serious bodily injury, in violation of Penal Code section 243, subdivision (d). The jury also found true an enhancing allegation that appellant intentionally inflicted great bodily injury on the victim, within the meaning of Penal Code section 12022.7.

The trial court sentenced appellant to the low term of two years plus an additional three years under section 12022.7.[1] We hold that by imposing an enhancement which is an element of the battery charge, the trial court ordered an improper sentence.

FACTS

As the facts are not in issue on appeal, they will be only briefly stated. Appellant was a vagrant, sitting outside a restaurant diagonally across from the restaurant of the victim. When the victim asked him to leave the area, appellant responded by hitting her in the nose with his fist. The damage was severe enough to cause emergency medical treatment and subsequent reconstructive surgery.

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

DISCUSSION

Section 243, subdivision (d) provides that when a battery is committed against a person which results in serious bodily injury,[2] the battery may be punished either as a misdemeanor (by incarceration in county jail for up to one year), or as a felony (by incarceration in state prison for two, three or four years).

Section 12022.7 states, in pertinent part: "Any person who, with the intent to inflict such injury, personally inflicts great bodily injury on any person other than an accomplice in the commission or attempted commission of a felony shall, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he has been convicted, be punished by an additional term of three years, *unless infliction of great bodily injury is an element of the offense of which he is convicted.* [¶] As used in this section, great bodily injury means a significant or substantial injury." (Italics added.)

■ A violation of section 243, subdivision (d) is a general intent crime, while the enhancement under 12022.7 requires specific intent. (*In re Sergio R.* (1991) 228 Cal.App.3d 588, 599 [279 Cal.Rptr. 149].) The People therefore argue that the elements of the crime and the enhancement are not the same in that the battery requires only the injury while section 12022.7 requires a specific intent to cause the injury itself. We disagree.

The gravamen of both of the subject Penal Code provisions is not intent. Rather, it is the degree of injury to the victim. Battery, under section 243, subdivision (d), cannot be punished as a felony absent a finding of serious bodily injury. Likewise, the enhancement only applies to a felony, and cannot be found true unless great bodily injury was inflicted. The terms "serious bodily injury" and "great bodily injury" have substantially the same meaning (*People* v. *Kent* (1979) 96 Cal.App.3d 130, 136 [158 Cal.Rptr. 35]), and the People do not contend otherwise. Therefore, common sense dictates that great bodily injury is indeed an element of battery under section 243, subdivision (d).

Previous appellate court decisions coincide with our holding. *People* v. *Pitts* (1990) 223 Cal.App.3d 1547, 1559-1560 [273 Cal.Rptr. 389] involved a conviction for mayhem. Division Seven of this district held that great bodily injury under section 12022.7 was an element of mayhem and thus the

---

[2]Section 243, subdivision (f) defines serious bodily injury as ". . . a serious impairment of physical condition, including, but not limited to, the following: loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any body member or organ; a wound requiring extensive suturing; and serious disfigurement."

enhancement for great bodily injury would be improper. ■ Mayhem, like battery, is a general intent crime. (*People* v. *Vasquez* (1972) 29 Cal.App.3d 81, 86-87 [105 Cal.Rptr. 181].) Appellant advances no argument as to why or how the case before us is distinguishable from *Pitts*.

Also of significance is *People* v. *Otterstein* (1987) 189 Cal.App.3d 1548 [235 Cal.Rptr. 108]. In that case, the defendant pled guilty to section 243, subdivision (d) and admitted the great bodily injury enhancement under section 12022.7. Under the plea bargain, the defendant was sentenced to the three-year midterm plus three years consecutive for the enhancement. Of import to the case before us, the *Otterstein* court said "Ordinarily, the great bodily injury enhancement may not be applied to a term imposed for violation of Penal Code section 243, subdivision (d)." (*Id.*, at p. 1550.)[3]

■ We conclude that great bodily injury, as defined in section 12022.7, is an element of the crime of battery under section 243, subdivision (d). Accordingly, in the case before us, it was error to sentence appellant to a consecutive three-year enhancement.

DISPOSITION ·

The matter is remanded for resentencing in accordance with this opinion.

Boren, P. J., and Fukuto, J., concurred.

---

[3]However, the appellate court held that, by accepting the favorable terms of the plea bargain, the defendant waived his right to object to the imposition of the three-year enhancement.