Filed 4/30/13  P. v. Jafari CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SOUNNY A. JAFARI,<br><br>    Defendant and Appellant. | 2d Crim. No. B240109<br>(Super. Ct. No. 1335506)<br>(Santa Barbara County) |

Sounny A. Jafari appeals his conviction, by jury, of assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1)),[1] a felony, and resisting arrest (§ 148, subd. (a)(1)), a misdemeanor.  The jury also found true the special allegation that appellant personally inflicted great bodily injury on the victim.  Appellant was placed on three years' probation.  He contends the trial court violated his right to a jury trial when it provided, in response to a question from the jury, a supplemental instruction defining the term "great bodily injury" as "essentially equivalent" to the definition of "serious bodily injury" found in section 243, subdivision (f)(4).  We affirm.

*Facts*

Appellant and his companion, Paul Tarvirian, got involved in a street fight at about 2:00 a.m., near the campus of the University of California, Santa Barbara.  After

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

1

the two exchanged words with Gabriel Mosse, appellant punched Mosse in the face, breaking his jaw.  Mosse's injuries required surgery. Following surgery, Mosse's jaw was wired shut and he was restricted to a liquid diet for about six weeks.  It took him another six weeks to return to his normal diet.

Appellant and Tarvirian were charged with assault by means likely to produce great bodily injury.  The jury was also asked to determine whether appellant personally inflicted great bodily injury on Mosse.  With respect to the assault charge, the trial court instructed the jury in terms of CALCRIM No. 875, "To prove that the defendants are guilty of this crime, the prosecution must prove that:  [¶]  1.  The force used was likely to produce great bodily injury . . . ."  The same instruction stated:  "*Great bodily injury* means significant or substantial injury.  It is an injury that is greater than minor moderate harm."  It further instructed the jury in terms of CALCRIM No. 316:  "If you find [appellant] guilty of the crime of assault by means of force likely to produce great bodily injury as charged in the Information, you must then decide whether the prosecution has proved the additional allegation that [appellant] personally inflicted great bodily injury on Gabriel Mosse during the commission of that crime.  [¶]  Great bodily injury means significant or substantial physical injury.  It is an injury that is greater than minor or moderate harm."

During deliberations, the jury asked, "Can we get more information on what constitutes 'great bodily injury' beyond the definition in [the instructions]?"  Over defense objection, the trial court determined to instruct the jury with the definition of "serious bodily injury" provided in Penal Code section 243,subdivision (f)(4).  It informed the jury:  " 'Serious bodily injury' means a serious impairment of physical condition, including, but not limited to, the following:  loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ' a wound requiring extensive suturing; and serious disfigurement.  [¶]  'Great bodily injury' and 'serious bodily injury' are essentially equivalent elements."  The jury found appellant guilty of assault and found true the special allegation.

2

*Discussion*

Appellant contends the supplemental instruction deprived him of his right to a jury trial because it defined "great bodily injury" to include a bone fracture and the evidence was undisputed that Mosse's jaw was fractured. Thus, appellant contends, the instruction relieved the jury of its duty to decide the factual question of whether a broken jaw constitutes great bodily injury. We are not persuaded. The trial court did not abuse its discretion when it provided the jury with a legally correct supplemental instruction.

It is the primary duty of the trial court to "help the jury understand the legal principles it is asked to apply." (*People v. Beardslee* (1991) 53 Cal.3d 68, 97.) When the jury asks a question during deliberations, even if the original instructions were complete, the trial court has discretion "to determine what additional explanations are sufficient to satisfy the jury's request for information." (*Id.*; § 1138.)

Whether an assault caused "great bodily injury" is a question of fact. (*People v. Cross* (2008) 456 Cal.4th 58, 64.) Section 12022.7, subdivision (f) defines great bodily injury as "a significant or substantial physical injury." Another section of the Penal Code defines serious bodily injury as "a serious impairment of physical condition, including, but not limited to, the following: loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ; a wound requiring extensive suturing; and serious disfigurement." (§ 234, subd. (f)(4).) These two terms have "substantially the same meaning [,]"(*People v. Hawkins* (1993) 15 Cal.App.4th 1373, 1375), and are "essentially equivalent elements." (*People v. Burroughs* (1984) 35 Cal.3d 824, 831, disapproved on another ground *People v. Blakeley* (2000) 23 Cal.4th 82, 89.)

Here, the trial court began by instructing the jury the great bodily injury "means significant or substantial physical injury. It is an injury that is greater than minor or moderate harm." (CALCRIM No. 3160.) During deliberations, the jury asked for more information and the trial court responded with quotations from section 234 and our Supreme Court's opinion in *Burroughs, supra.* The supplemental instruction directly

3

responded to the jury's inquiry and was a correct statement of the law. There was no abuse of discretion. (*People v. Waidla* (2000) 22 Cal.4th 690, 745-746.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                                    YEGAN, J.

We concur:


    GILBERT, P.J.


    PERREN, J.

4

George C. Eskin, Judge

Superior Court County of Santa Barbara

_____

Patricia A. Malone, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Timothy M. Weiner, Deputy Attorney General, for Plaintiff and Respondent.