Filed 1/22/15  P. v. Olivas CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>EUSEBIO SERGIO OLIVAS,<br><br>     Defendant and Appellant. | F068158<br><br>(Kern Super. Ct. No. TF005913A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  John W. Lua, Judge.

William W. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Stephen G. Herndon, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

Defendant was sentenced to four years in prison for committing a battery resulting in serious bodily injury. (Pen. Code,[1] § 243, subd. (d).)[2] His sentence was enhanced pursuant to section 12022.7, which provides for additional punishment when the defendant inflicts great bodily injury in the commission of a felony. (§ 12022.7, subd. (a).) Defendant contends the great bodily injury enhancement does not apply to the crime of battery resulting in serious bodily injury. We agree and order the enhancement stricken.

**BACKGROUND**

Defendant was charged with second degree robbery (count 1 - § 212.5, subd. (c)); battery resulting in serious bodily injury (count 2 - § 243, subd. (d)); threatening to commit a crime which would result in death or great bodily injury (count 3 - § 422); and dissuading a witness (count 4 - § 136.1, subd. (a)(1).) The information also alleged that in committing counts 1 and 2, defendant personally inflicted great bodily injury on the victim. (§ 12022.7.)

As to each count, it was alleged that defendant had suffered one prior conviction described in sections 667, subdivisions (c)–(j) and 1170.12, subdivisions (a)–(e); and six prior convictions described in section 667.5, subdivision (b). As to counts 1 through 3, the information alleged defendant had also suffered one prior conviction described in section 667, subdivision (a).

The court eventually dismissed the prior conviction allegations under section 667, subdivisions (a) and (e), as to counts 1 through 3.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] Defendant was convicted of and sentenced for other crimes as well, as detailed below.

A jury acquitted defendant on count 1 and convicted him on counts 2, 3 and 4. The jury also found true the great bodily injury enhancement on count 2. The court found the remaining allegations true.

The court sentenced defendant to a total term of 10 years eight months. The sentence was comprised of the following: Four years on count 2, plus three years for the great bodily injury enhancement (stayed);[3] three years on count 3 (stayed); eight months on count 4, plus six years for the prior convictions.

**FACTS**

As respondent notes, "this appeal involves only a sentencing issue" and "a detailed recitation of facts is unnecessary." (*People v. Zuniga* (1996) 46 Cal.App.4th 81, 82.)

Juan Gutierrez is married to defendant's sister. On November 12, 2011, Gutierrez was at a party when he was attacked. Shortly after the incident, Gutierrez told law enforcement officers that defendant was the one who had attacked him.[4]

During an interview with law enforcement, Gutierrez said defendant had walked up to him, punched him, and said, "I will kill you." Gutierrez fell to the ground after the first punch. Defendant pulled Gutierrez up and punched him again, causing him to fall again to the ground. Then defendant ripped a gold necklace off of Gutierrez's person. Gutierrez lost consciousness briefly during the attack.

Gutierrez testified at trial that the assailant broke his jaw and a tooth. Gutierrez had surgery on his jaw a couple days after the incident.

---

[3] The three-year sentence for the great bodily injury enhancement to count 2 and the three-year sentence for count 3 were stayed pursuant to section 654.

[4] At trial, Gutierrez said he was drunk when the attack occurred and that he had not seen whether it was defendant who had attacked him.

## DISCUSSION

Defendant contends it was improper to apply a great bodily injury enhancement to the crime of battery causing serious bodily injury. We agree.

Section 12022.7, subdivision (a) provides for a sentence enhancement when the defendant "personally inflicts great bodily injury" on a nonaccomplice during the commission of a felony. (§ 12022.7, subd. (a).) The enhancement, however, "shall not apply if infliction of great bodily injury is an element of the offense." (§ 12022.7, subd. (g); see also *Hale v. Superior Court* (2014) 225 Cal.App.4th 268, 272.) Here, the relevant offense is battery causing serious bodily injury under section 243, subdivision (d). "Serious bodily injury" as defined in section 243 and "great bodily injury" as defined in section 12022.7 are "substantially the same." (*People v. Kent* (1979) 96 Cal.App.3d 130, 137.) Consequently, the infliction of great bodily injury is an element of battery causing serious bodily injury. (*People v. Hawkins* (1993) 15 Cal.App.4th 1373, 1375 (*Hawkins*) ["great bodily injury is indeed an element of battery under section 243, subdivision (d)"].)[5] Therefore, pursuant to section 12022.7, subd.(g), the great bodily

---

[5] Respondent argues that it "does not appear" that courts have declared great bodily injury to be an element of battery causing serious bodily injury. This observation is incorrect. In *Hawkins*, the Second District squarely held as follows: "We conclude that great bodily injury, as defined in section 12022.7, is an element of the crime of battery under section 243, subdivision (d)." (*Hawkins*, *supra*, 15 Cal.App.4th at p. 1376.) Respondent does not address *Hawkins* and suggests no basis for distinguishing its holding. "[W]e ordinarily follow the decisions of other districts without good reason to disagree." (*In re Hansen* (2014) 227 Cal.App.4th 906, 918, internal quotes omitted.)

Respondent instead relies on *People v. Taylor* (2004) 118 Cal.App.4th 11 (*Taylor*). We need not decide whether we agree with *Taylor*, as we conclude it is factually and legally distinguishable.

In *Taylor*, as here, the defendant was charged with battery causing serious bodily injury (§ 243, subd. (d)) and the great bodily injury enhancement (§ 12022.7). (*Taylor*, *supra*, 118 Cal.App.4th at pp. 17–18.) But in *Taylor*, the jury found all great bodily injury enhancements to be not true. (*Id.* at pp. 18, 21, 23.) Moreover, the legal question presented in *Taylor* is different than the one presented here. The *Taylor* court needed to

---

4.

injury enhancement "shall not apply." (§ 12022.7, subd. (g); see *Hawkins*, *supra*, 15 Cal.App.4th at p. 1375.)

## DISPOSITION

The section 12022.7 enhancement on count 2 is stricken. In all other respects, the judgment is affirmed. The matter is remanded for resentencing.

---

determine whether the defendant's conviction for battery causing serious bodily injury qualified as a "serious felony" under section 1192.7, subd. (c). That statute defines several felonies as "serious" including any felony in which the defendant causes "great bodily injury" to a nonaccomplice. (§ 1192.7, subd. (c)(8).) The jury in *Taylor* necessarily found that the defendant had inflicted "serious bodily injury" because it convicted him of battery causing serious bodily injury. (*Taylor*, *supra*, 118 Cal.App.4th at pp. 17–18) Therefore, the Attorney General argued that the battery was a "serious felony" under section 1192.7 because the jury's finding of serious bodily injury was equivalent to a finding of great bodily injury. (*Taylor*, *supra*, at p. 22.) This argument – though arguably supported by case law (see *People v. Moore* (1992) 10 Cal.App.4th 1868, 1870–1872 (*Moore*)) – ran into an obvious problem: the jury had expressly found that the great bodily injury allegations were "not true." The distinguishable legal context in which *Taylor* arose is important because it invoked an interpretive canon that is not applicable here. As *Taylor* noted, "[i]t is settled that courts must make every effort to interpret a jury's verdict as being consistent. [Citation.]" (*Taylor*, *supra*, 118 Cal.App.4th at p. 23.)

Additionally, *Taylor* acknowledged that *Moore*, *supra*, 10 Cal.App.4th 1868 held that "serious bodily injury" (§ 243, subd. (d)) is "essentially equivalent" to "great bodily injury" (§ 1192.7, subd. (c)(8).) (*Taylor*, *supra*, 118 Cal.App.4th at p. 26.) *Taylor* distinguished that holding on the basis that *Moore* involved a question of law while *Taylor* involved a question of fact that had been expressly resolved by a jury. (*Taylor*, *supra*, 118 Cal.App.4th at pp. 26–27.) As in *Moore*, the question presented in the case at bar (i.e., whether great bodily injury is an element of battery under § 243, subd. (d)) is a question of law, not fact.

5.

_____

Poochigian, J.

WE CONCUR:


_____

Levy, Acting P.J.


_____

Kane, J.