Filed 11/17/15  P. v. Smith CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066086 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE332050) |
| CHRISTIAN GURRAD SMITH, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Lantz Lewis, Judge.  Affirmed as modified and remanded.

Mazur & Mazur, and Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Julie L. Garland, Assistant Attorneys General, Collette Cavalier and Arlene A. Sevidal, Deputy Attorneys General, for Plaintiff and Respondent.

The San Diego County District Attorney charged Christian Gurrad Smith by information with one count of mayhem (Pen. Code,[1] § 203; count 1) and aggravated mayhem. (§ 205; count 2.) The information further alleged Smith had suffered two prison priors (§§ 667.5, subd. (b), 668); a serious felony prior for robbery under section 211, with use of a deadly or dangerous weapon in its commission (§ 667, subd. (a)(1)); and one strike prior (§§ 667, subds. (b)-(i), 1170.12, 668). The jury acquitted Smith of the mayhem charges but convicted him of battery causing serious bodily injury (§ 243, subd. (d)), a lesser included offense of mayhem.

In bifurcated proceedings, Smith admitted the prior convictions. The court sentenced him to a total of 13 years in prison, consisting of the upper term of four years on the battery conviction, doubled under the "Three Strikes" law, and a consecutive five-year term on the section 667, subdivision (a) enhancement.

Smith contends the trial court (1) violated his right to a jury trial on his prior strikes when it determined that his conviction for battery with serious bodily injury constituted a serious felony; and (2) the abstract of judgment should be amended to reflect that the court struck, rather than stayed, his two prison priors. Finding merit in the second contention only, we affirm the judgment as modified and remand for the trial court to amend the abstract of judgment.

---

[1]     Statutory references are to the Penal Code.

FACTUAL BACKGROUND

We need only summarize the facts because on appeal Smith does not challenge the sufficiency of the evidence supporting his conviction.

*Prosecution Case*

On July 12, 2013, Martin Brunner had drunk some alcohol at a bar, then returned to the Colony Mobile Plaza to drop off a friend where she was staying. Brunner saw Smith carrying a large plastic trash bag that appeared full. Brunner asked Smith who he was, what he was doing and what he was carrying in the bag. Smith and his female companion told Brunner it was none of his business. After a couple of minutes of argument, Smith attacked Brunner, almost completely cutting off Brunner's nose with a knife. Brunner was immediately taken to a hospital, where he received 57 stitches to reattach his nose. At the time of trial Brunner had a scar on his nose and has permanently lost some feeling in half of his nose.

A plastic surgeon testified that Brunner required more than 50 stitches because he had a "large, gaping wound to his nose, from the bridge all the way down to his nostril, and full thickness. You could basically see through his nasal passage."

*Defense Case*

Smith testified at trial that Brunner confronted him with curse words, asking what he was doing with the garbage bag. Smith replied he was picking up recyclable materials, but Brunner, who was a stranger to him and appeared drunk, pushed Smith, who first tried to back away. Afterwards, Smith took out his knife in the hope of

3

deterring Brunner. Instead, Brunner swung at Smith, who reacted by swinging back, thus cutting Brunner's nose.

The court instructed the jury with CALCRIM No. 925 about battery causing serious bodily injury: "A serious bodily injury means a serious impairment of physical condition. Such an injury may include, but is not limited to: loss of consciousness, concussion, bone fracture, protracted loss or impairment of function of any bodily member or organ, a wound requiring suturing and serious disfigurement."

DISCUSSION

I.

Smith contends: "The People failed to meet their burden to plead or prove, or otherwise give notice, that a conviction of battery with serious bodily injury would be deemed an equivalent of great bodily injury within the meaning of sections 667[, subdivision] (a)(1) and 1192.7[, subdivision] (c)(8)."

At issue is whether Smith's conviction for battery with infliction of serious bodily injury (§ 243, subd. (d)) constitutes a serious felony within the meaning of section 1192.7. Subdivision (c)(8) of section 1192.7 defines " 'serious felony' " to include "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice." Smith's jury was instructed on serious bodily injury, but was not instructed on, and did not find he did or did not inflict, great bodily injury.

A. *Background*

At the start of the bifurcated proceedings, the court explained to Smith the consequences of his waiver of a jury trial on his prior convictions: "I learned from your

4

attorney that you don't dispute the allegations of prior convictions, and therefore we're going to have a brief hearing to ensure you understand your rights and the consequences of admitting that these allegations are true. [¶] Do you understand even though you've waived your right to a jury trial, you could require that the People prove these allegations beyond a reasonable doubt, and that I would make a decision then as to whether they're true?" Smith answered in the affirmative and proceeded to waive his rights.

Later in the proceeding, the trial court further advised Smith that if he admitted the enhancement regarding his prior strike, his sentence would be increased by five years: "It is alleged that you have suffered within the meaning of [] section 667, [subdivision] (a)(1) and [] section 1192.7, [subdivision] (c), a serious felony prior. It's alleged that on or about August 23, 2000, in the superior court of San Diego County, you were convicted of the felony offense of robbery, a violation of [section] 211. And in that case, there was a finding that in the commission of that robbery, you personally used a deadly weapon within the meaning of [] section 12022, [subdivision] (b)(1). If you admit that this serious felony prior is true and if there is a finding that your underlying conviction in this case is a serious or violent felony within the meaning of [] section 667, [subdivision] (a)(1) and [section] 1192.7, [subdivision] (c), the court would be required to add to the base term that would be imposed for your new offense a consecutive term of five years, and the court would be prohibited from granting probation. [¶] Do you understand those consequences?" Smith answered in the affirmative and proceeded to admit the prior strike allegation was true.

5

At the same hearing, the court addressed Smith's motion under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, requesting the court strike his prior strike. Relying on this court's decision in *People v. Taylor* (2004) 118 Cal.App.4th 11, 23 (*Taylor*), Smith further argued the underlying conviction for battery did not qualify as a serious felony as a matter of law, and "the prosecution did not plead and prove any separate sentence enhancements that have the same factual elements as the defined serious felony conduct, such as personal use of a firearm, personal use of a dangerous and deadly weapon, or personally inflicting great bodily injury."

The trial court denied Smith's *Romero* motion and rejected Smith's argument regarding his underlying conviction: "As to the issue of whether we have a serious felony pursuant to [section 667, subdivision (a)], without a jury making a specific finding of personal infliction of great bodily injury, I find [*People v. Arnett* (2006) 139 Cal.App.4th 1609 (*Arnett*), review den., cert. den. (2007) 550 U.S. 937] controlling. [¶] Under the circumstances with a nose severed, it was dangling, but it was severed from the face of the victim. It did require 57 stitches to replace it, and there is nerve damage still apparently affecting the victim. I would be hard-pressed to conclude that is not great bodily injury."

B. *Legal Principles*

Section 667, subdivision (a)(1), states: "In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in

6

addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively."

In *Taylor, supra,* 118 Cal.App.4th 11, this court explained: "Section 667, subdivision (a)(1), provides a five-year sentence enhancement for serious felony priors. The statute applies only if the current conviction itself is also a serious felony. Serious felonies are defined in section 1192.7, subdivision (c). 'Section 1192.7, subdivision (c), lists some felonies that are per se serious felonies, such as murder, mayhem, rape, arson, robbery, kidnapping, and carjacking.' [Citation.] If the current conviction falls within this group of crimes, 'then the question whether that conviction qualifies as a serious felony is entirely legal.' " (*Taylor*, at p. 22.)

The *Taylor* court also explained that "[s]ection 1192.7, subdivision (c), defines other crimes as serious felonies by reference 'to conduct rather than to a specific crime.' [Citations.] For example, the statute defines serious felonies to include 'any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice . . .' (§ 1192.7, subd. (c)(8)), or 'any felony in which the defendant personally used a dangerous or deadly weapon' (§ 1192.7, subd. (c)(23)). [¶] Under these conduct-based definitions, a felony that does not qualify as a serious felony as a matter of law may be found to constitute a serious felony if the prosecution properly pleads and proves the facts necessary to establish the defined conduct. [Citation.] The prosecution may satisfy this burden by pleading and proving a separate sentence enhancement that has the same factual elements as the defined serious felony conduct [citation], such as an enhancement

7

for personally inflicting great bodily injury (§ 12022.7) . . . or personally using a deadly or dangerous weapon (§ 12022, subd. (b)(1))." (*Taylor, supra,* 118 Cal.App.4th at p. 23.)

A defendant has both a federal constitutional right and (if the current substantive charges are tried to a jury) a statutory right under section 969f, subdivision (a), to a jury trial on alleged facts that would make a charged offense a serious felony under sections 1192.7, subdivision (c) and 667, subdivision (a)(1). (*Taylor, supra,* 118 Cal.App.4th at pp. 27, 29.) Regarding a defendant's statutory right to a jury trial under section 969f, subdivision (a), the *Taylor* court explained that "[w]here the charging document alleges facts that would make the charged crime a serious felony—such as personal infliction of great bodily injury [on a nonaccomplice (§ 1192.7, subd. (c)(8))—'the question whether or not the defendant committed a serious felony as alleged shall be tried by the court or jury which tries the issue upon the plea of not guilty.' "] (*Taylor,* at p. 27, quoting § 969f.) *Taylor* further explained that section 969f " 'requires that an allegation of specific facts that would make the current offense a serious felony must be tried to the same factfinder which tries the substantive offense.' " (*Taylor,* at p. 27, quoting *People v. Yarbrough* (1997) 57 Cal.App.4th 469, 477 (*Yarbrough*).)

However, as a general rule, a defendant waives the right to a jury trial as to alleged facts establishing that a current charged offense is a serious felony within the meaning of sections 1192.7, subdivision (c) and 667, subdivision (a)(1) if the defendant waives his or her right to a jury trial on an allegation under section 667, subdivision (a)(1) that he or she had suffered a prior serious felony conviction. (*People v. Equarte* (1986) 42 Cal.3d 456, 459-460, 466-467 (*Equarte*) [where defendant waived his right to a jury trial on an

allegation under section 667, subdivision (a) that he had suffered a prior serious felony conviction, the court could properly find the prosecution had proved facts establishing that defendant's current offense also was a serious felony under sections 1192.7, subdivision (c) and 667, subdivision (a); *Arnett, supra,* 139 Cal.App.4th at pp. 1613-1614, 1616 [defendant's waiver of his right to a jury trial on a section 667, subdivision (a) allegation that he had suffered a prior serious felony conviction "encompassed his right to a jury determination of whether his current offense was a serious felony for purposes of section 667, subdivision (a)," and, thus, the trial court properly imposed a five-year sentence enhancement under section 667, subdivision (a)]; *Yarbrough, supra,* 57 Cal.App.4th at p. 478 ["[W]e are bound by the California Supreme Court's holding[ ] in *Equarte* [, *supra,* 42 Cal.3d 456], that a court trial of the issue of whether a current offense is a serious felony [for purposes of section 667, subdivision (a)] does not deprive a defendant of his right to jury trial on the [section 667, subdivision (a)] enhancement [allegation] where the defendant waived his right to a jury trial on the 'prior conviction' issue."].)  Like the *Yarbrough* court, we are bound by the California Supreme Court's decision in *Equarte*.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

C.  *Analysis*

Applying the foregoing principles, we first conclude the court did not violate Smith's right to a jury trial when it determined during sentencing that Smith's current offense—battery with serious bodily injury (§ 243, subd. (d))—is a serious felony within the meaning of sections 1192.7, subdivision (c)(8) and 667, subdivision (a)(1).  Section

9

243, subdivision (d), under which Smith was convicted, "provides that when a battery is committed against a person which results in serious bodily injury, the battery may be punished either as a misdemeanor (by incarceration in county jail for up to one year), or as a felony (by incarceration in state prison for two, three or four years)." (*People v. Hawkins* (1993) 15 Cal.App.4th 1373, 1375, fn. omitted.) As the jury was instructed here, subdivision (f)(4) of section 243 defines "serious bodily injury" to mean "a serious impairment of physical condition, including, but not limited to, the following: loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ; a wound requiring extensive suturing; and serious disfigurement."

It is undisputed that Smith's current felony conviction of battery with serious bodily injury is not one of the enumerated crimes that qualify as per se serious felonies. (See § 1192.7, subd. (c); *Taylor, supra,* 118 Cal.App.4th at pp. 22-23 ["[B]attery with serious bodily injury (§ 243, subd. (d)) is not one of the enumerated crimes that qualify as per se serious felonies."].) Thus, the issue of whether Smith's current offense was a serious felony for purposes of the enhancement provided by section 667, subdivision (a)(1) was a factual question for the jury to determine absent a waiver of Smith's right to a jury trial on that question. (*Taylor,* at pp. 27, 29.)

We also conclude the court properly found that, for purposes of section 667, subdivision (a)(1), Smith's current conviction of battery with serious bodily injury in violation of section 243, subdivision (d), is a serious felony under section 1192.7, subdivision (c)(8), which (as already stated) defines "serious felony" as including "any

10

felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice."  The California Supreme Court has explained that " ' "[s]erious bodily injury" and "great bodily injury" are essentially equivalent elements.' "  (*People v. Burroughs* (1984) 35 Cal.3d 824, 831, disapproved on other grounds in *People v. Blakeley* (2000) 23 Cal.4th 82, 89, quoting *People v. Corning* (1983) 146 Cal.App.3d 83, 90-91, which cited *People v. Kent* (1979) 96 Cal.App.3d 130, 136-137.)  Citing *Burroughs*, the Court of Appeal explained in *People v. Moore* (1992) 10 Cal.App.4th 1868 (*Moore*), that the California Supreme Court "has held that the term 'serious bodily injury,' as intended in section 243, subdivision (d), is 'essentially equivalent' with the element of 'great bodily injury' presented in other criminal statutes."  (*Moore,* at p. 1871.)

More recently, the Court of Appeal explained in *Arnett, supra,* 139 Cal.App.4th 1609, that, "[u]nder section 1192.7, subdivision (c)(8), an offense is a serious felony if, in committing the offense, the defendant personally inflicts great bodily injury on a person other than an accomplice.  Numerous courts have recognized that '[t]he terms "serious bodily injury" and "great bodily injury" have substantially the same meaning.' [Citations.]  In fact, great bodily injury has been held to be 'an element of battery under section 243, subdivision (d)' ([*People v. Hawkins*]*, supra,* 15 Cal.App.4th at p. 1375), including for purposes of establishing the enhancement contained in section 667, subdivision (a) ([*Moore, supra,*] 10 Cal.App.4th [at p. 1871])."  (*Arnett,* at pp. 1613-1614.)

We are bound by the California Supreme Court's holding in *People v. Burroughs, supra,* 35 Cal.3d 824, that "serious bodily injury" and "great bodily injury" are essentially

11

equivalent elements. (*Auto Equity Sales, Inc. v. Superior Court, supra,* 57 Cal.2d at pp. 455-456.) By finding Smith guilty of battery with serious bodily injury, the jury necessarily found that he personally inflicted serious bodily injury on Brunner. Thus, the "serious bodily injury" element of Smith's current section 243, subdivision (d) felony offense is essentially equivalent to the element of "great bodily injury" in other criminal statutes, including section 1197.2, subdivision (c)(8), for purposes of establishing the five-year sentence enhancement provided by section 667, subdivision (a)(1). (*Arnett, supra*, 139 Cal.App.4th at pp. 1613-1614; *Moore, supra,* 10 Cal.App.4th at p. 1871; see *People v. Hawkins, supra,* 15 Cal.App.4th at p. 1375.) We conclude the court properly found that, for purposes of section 667, subdivision (a)(1), Smith's current conviction of battery with serious bodily injury in violation of section 243, subdivision (d), is a serious felony under section 1192.7, subdivision (c)(8).

Smith's reliance on *Taylor, supra,* 118 Cal.App.4th 11, is misplaced. In *Taylor* this court concluded that, based on the particular circumstances of the defendant's case, his conviction of battery with serious bodily injury was not a serious felony under section 1192.7, subdivision (c)(8). (*Taylor,* at p. 22.) We noted that the jury had "decided that the victim's bone fracture did not constitute great bodily injury because it was only a 'moderate' injury within the meaning of CALJIC No. 17.20." (*Taylor,* at p. 25.) We distinguished *Moore, supra,* 10 Cal.App.4th 1868: "[T]he record of Moore's battery prior did not include any finding that he had *not* inflicted great bodily injury in committing the prior offense. The trial court's conclusion that the prior offense was a serious felony thus did not conflict with the express findings of the trier of fact. In the absence of any

12

contrary indication in the record, the trial court in *Moore* was justified in applying the usual assumption that 'great bodily injury' and 'serious bodily injury' are 'essentially equivalent.' " (*Taylor,* at p. 26.)  Unlike *Taylor*, in the instant case a jury did not find that Smith had not inflicted great bodily injury.  Accordingly, as in *Moore*, the trial court here was "justified in applying the usual assumption that 'great bodily injury' and 'serious bodily injury' are 'essentially equivalent.' " (*Taylor,* at p. 26.)

## II.

The People concede and we agree that the court should have stricken rather than stayed Smith's prison priors.

At the sentencing hearing the court stated, "I am finding that for the two prison priors that there is good cause, and it would be in the interest of justice to stay the additional punishment for those prison priors, so the two years, one consecutive year for each prison prior is stayed pursuant to [] section 1385."  The abstract of judgment is in accord.

Here, the court imposed the section 667, subdivision (a)(1) enhancement, then imposed but stayed the section 667.5, subdivision (b) enhancement, which was based on the same prior conviction.  However, the court lacked authority to stay the section 667.5, subdivision (b) enhancement.  "Once [a] prior prison term is found true within the meaning of section 667.5[, subdivision] (b), the trial court may not stay the one-year enhancement, which is mandatory unless stricken." (*People v. Langston* (2004) 33 Cal.4th 1237, 1241.)  Because the court could not impose both a prior serious felony enhancement and a prior prison term enhancement based on the same underlying

conviction, it should have stricken, rather than stayed, the section 667.5, subdivision (b), enhancement. (*People v. Jones* (1993) 5 Cal.4th 1142, 1149-1150, 1153; *People v. Perez* (2011) 195 Cal.App.4th 801, 805.) By not doing so, the court erred.

## DISPOSITION

The judgment is modified to strike the Penal Code section 667.5, subdivision (b) enhancement. In all other respects the judgment is affirmed. The court is directed to prepare an amended abstract of judgment reflecting that modification and forward a certified copy to the Department of Corrections and Rehabilitation.


O'ROURKE, J.

WE CONCUR:


McINTYRE, Acting P. J.


AARON, J.

14