Filed 10/14/21  P. v. Mase CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>ULUAO DAVID MASE,<br><br>  Defendant and Appellant. | A160275<br><br>(San Mateo County Super. Ct. No. 18NF011762) |

Appellant Uluao David Mase was sentenced to 21 years in prison based on his role in a violent attack on a high school student, 14 years of which were attributable to prior conviction allegations.  We reject his claim that the court should have stricken the prior conviction allegations, but remand the case so that the court can pronounce sentence on one of the counts.

## I.  BACKGROUND

Appellant, who was 27 years old at the time of the offenses in this case, has abused drugs and alcohol since he was a teenager.  In 2009, when he was 18, he and three others robbed a man on public transportation by pushing him to the ground and stealing his belongings.  When he was arrested a short while later, he was carrying a semiautomatic weapon.  Appellant was convicted of second-degree robbery and various weapon

1

possession counts, sentenced to two years in prison, and paroled in July 2011. (Pen. Code, §§ 211, 12280, subd. (b), 12025, subd. (a)(2), 12031, subd. (a)(1).)[1]

Appellant committed a carjacking in September 2011 and was convicted of that offense in June 2012. (§ 215, subd. (a).) He was released from prison in September 2016.

The current offenses were committed September 14, 2018. Sixteen-year-old John Doe got into a physical fight with appellant's nephew, another high school student. A female student broke up the fight, and Doe's only injury was a scratched face. The boys went their separate ways.

Later, appellant and several other men confronted Doe as he was walking with a friend. They brutally beat him, stepping on his face, punching him, and kicking him. Doe recorded part of the attack on his cell phone, which was taken from him by the assailants and was later found in the possession of a homeless man. The assailants also took Doe's backpack and belt. Doe was transported to the emergency room for the treatment of contusions, a concussion, and damaged teeth which he suffered during the attack. A day later, his eyes were swollen and black and blue and he had bruising in his mouth and inner lip.

Appellant was linked to the attack through video from a surveillance camera and from Doe's recovered cell phone. He was tried before a jury and convicted of assault by means of force likely to cause great bodily injury (count 1) and battery with serious bodily injury (count 2), each accompanied by a great

---

[1] Further statutory references are to the Penal Code.

2

bodily injury enhancement allegation. (§§ 245, subd. (a)(4), 243, subd. (d), 12022.7, subd. (a).) Two prior serious felony enhancement allegations and one allegation under the three strikes law based on the prior robbery and carjacking convictions were found true by the court in a bifurcated proceeding. (§§ 667, subd. (a), 667, (b)–(j), 1170.12.)[2]

At sentencing, appellant requested that the court exercise its discretion to strike the serious felony priors and the strike allegation. He filed a sentencing brief asking to be placed on probation and provided with drug treatment through the Delancey Street program, or, alternatively, to be sentenced to prison for four years. Among the factors noted was that appellant had a long history of drug addiction which had contributed to his criminal history; that he had been enrolled in the Choices Program, which teaches individuals to control their behavior and avoid lashing out; that he was now committed to seeking rehabilitation and had been accepted into the Delancey Street program; and that he had been youthful when he committed his prior offenses. Appellant had written a letter apologizing to the victim of the current offense in which he explained that while there was "no excuse" for his actions, he had made the poor decision to defend his nephew while his judgment was clouded with intoxication and with grief over the recent death of a family member.

---

[2] The court ultimately struck two prison priors under section 667.5, subdivision (b) due to a change in the law that rendered those priors inapplicable to the present case.

3

The trial court declined to strike the priors. It stated that defense counsel had made a "very compelling" argument for probation in the sentencing brief, but that it was troubled by the violent nature of all of appellant's crimes. The court noted that although appellant was young when he committed his prior offenses, he had had "multiple opportunities" to deal with his addiction and had committed the current offense while he was still on parole. The court also commented on the youth of the victim in the current case and the violence of the offense: "The victim was young. He was a child, a teenager, 16 years old, not even an adult. And the crime was clearly planned by [appellant] and his two codefendants. It's just extremely violent. It's something for which we need to protect the public from . . . ."

The court imposed an aggregate prison term of 21 years as had been recommended by the prosecution: the four-year upper term on the assault count, doubled to eight years under the three strikes law, plus a consecutive three-year term for the great bodily injury enhancement and consecutive five-year terms for each of the prior serious felony enhancements. It stayed the sentence on the battery with serious bodily injury count pursuant to section 654.

## II.   DISCUSSION

### A. *Failure to Strike the Prior Conviction Allegations*

Appellant argues the trial court should have stricken both the three strikes allegation and the five-year prior serious felony enhancements. We disagree.

Under section 1385, subdivision (a), a "judge . . . may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." This provision applies to prior conviction allegations under the three strikes law (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*)) and since January 1, 2019, has applied to five-year prior serious felony enhancements under section 667, subdivision (a). (*People v. Shaw* (2020) 56 Cal.App.5th 582, 586–587 (*Shaw*).)

When determining whether to strike a finding under the three strikes law, the court should consider "whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) We review a court's decision to deny a motion to strike for abuse of discretion and will find such an abuse only in extraordinary circumstances, where reasonable minds could not differ as to

5

whether the defendant falls outside the spirit of the three strikes law. (*People v. Carmony* (2004) 33 Cal.4th 367, 378 (*Carmony*).)

Similarly, a court deciding a motion to strike a five-year prior serious felony enhancement must consider both the nature of the offense and the nature of the offender. (*Shaw, supra*, 56 Cal.App.5th at p. 587.) As with a decision not to dismiss a prior conviction allegation under the three strikes law, we review the denial of a motion to dismiss a prior serious felony enhancement for abuse of discretion. (*Ibid*.) "No error occurs if the trial court evaluates all the relevant circumstances to ensure that the punishment fits the offense and the offender." (*Ibid*.)

Appellant notes that he was only 18 and 20 years old, respectively, when he committed his prior crimes, and he argues his culpability was diminished as a consequence. And in the trial court, he emphasized his history of drug addiction as a factor contributing to his offenses. These factors did not compel the court to grant the motion to strike. Although an offender's youthfulness at the time of the priors can be a mitigating factor, it is not dispositive of the issue. (See *People v. Avila* (2020) 57 Cal.App.5th 1134, 1142 (*Avila*).) Nor is drug addiction "necessarily regarded as a mitigating factor when a criminal defendant has a long-term problem and seems unwilling to pursue treatment." (*People v. Martinez* (1999) 71 Cal.App.4th 1502, 1511.)

Here, the court did not fail to consider appellant's youth or drug addiction at the time he committed his prior crimes. (Cf. *Avila, supra*, 57 Cal.App.5th 1141–1142 [court erred in believing

6

it could not consider youth as a factor affecting the decision on a *Romero* motion].) "My other concern is also, you know, I get that he is young. I get that he was even younger when the priors occurred. But he's had multiple opportunities to deal with his addiction, and he didn't. [¶] So I think at this point, you know, with the last sentence in 2012 being six years for the conviction of the carjacking; then he was on parole; he would have had the opportunity to take care of his addiction during that period of time; he did not; and he committed the current offense while on parole."

Appellant notes that he did not suffer any convictions in the more-than-six years between his conviction for carjacking in June 2012 and the current offense, which he committed in September 2018. The court was not required to treat the relative remoteness of the prior as a factor in favor of striking it when appellant spent much of the intervening years in prison and committed the current offense while still on parole. Appellant argues that prison is "a place ridden with violence," suggesting that his ability to serve his sentence without picking up another conviction is a factor in his favor. But the trial court could reasonably determine that appellant's prior convictions should not be viewed as remote when he was not out of custody for most of the time since his most recent conviction.

Appellant also argues that his 21-year sentence is absurd when compared to the two-year terms that two of his cohorts received. However, a sentencing court must consider the defendant's culpability individually, not in comparison to that of

7

a codefendant. (See *People v. Ledesma* (2006) 39 Cal.4th 641, 744.)

There is no indication the court failed to consider any factor that was relevant to the motion to strike. (*Carmony*, *supra*, 33 Cal.4th at p. 378.) It simply decided that the violent nature of appellant's crimes against the teenage victim, combined with his failure to address the drug addiction which he claimed was a cause of those crimes, did not warrant striking the prior felony allegations. " '[I]t is not enough to show that reasonable people might disagree about whether to strike one or more' prior conviction allegations." (*Carmony*, *supra*, 33 Cal.4th at p. 378.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377; see also *People v. Brugman* (2021) 62 Cal.App.5th 608, 637.) Appellant's is not one of those extraordinary cases where we can say that reasonable minds would not differ about the appropriate sentence.

B. *Battery with Serious Bodily Injury Count*

Although sentence on the battery with serious bodily injury conviction in count 2 was stayed under section 654, the jury found true a great bodily injury enhancement under section 12022.7, subdivision (a) on that count. Appellant argues the enhancement was not authorized, a point which the Attorney General concedes. We agree. Section 12022.7, subdivision (g) provides that the statute "shall not apply if infliction of great bodily injury is an element of the offense." Serious bodily injury, which is equivalent to great bodily injury, is an element of a

8

section 243, subdivision (d) violation.  A section 12022.7, subdivision (a) allegation cannot be applied to a violation of section 243, subdivision (d).  (*People v. Johnson* (2016) 244 Cal.App.4th 384, 391; *People v. Hawkins* (1993) 15 Cal.App.4th 1373, 1375.)

But there is a more fundamental problem with the sentence on count 2.  The abstract of judgment does not reflect the conviction for battery with serious bodily injury at all, and the reporter's transcript reflects that the court did not impose sentence on that count before staying it.  As the court explained in *People v. Alford* (2010) 180 Cal.App.4th 1463, 1469 (*Alford*), "to implement section 654, the trial court must impose sentence on all counts, but stay execution of sentence as necessary to prevent multiple punishment."  It is not adequate to stay the sentence under section 654 without first pronouncing sentence: "[S]entence must be imposed on each count, otherwise if the non-stayed sentence is vacated, either on appeal or in a collateral attack on the judgment, no valid sentence will remain."  (*Ibid.*; see also *People v. Duff* (2010) 50 Cal.4th 787, 796.)  The failure to impose sentence on each count results in an unauthorized sentence.  (*Alford*, at p. 1472.)

The parties agree the court should have pronounced sentence on the battery with serious bodily injury count; the question is one of remedy.  The People note that the court imposed the upper term on the unstayed assault count and doubled the term under the strikes law, and they ask us to use our authority under section 1260 to modify the judgment by

9

similarly imposing the upper term on the battery count and then doubling it. They argue the court "undoubtedly" would impose this sentence on remand, and that it would be futile to hold a hearing to resentence appellant when the actual time served will not be altered. They rely on *Alford*, *supra*, 180 Cal.App.4th at page 1473, in which the appellate court modified the sentence to impose the middle term on a count that had been stayed under section 654 without the pronouncement of sentence. The *Alford* court concluded that because the trial court had imposed the middle term on the unstayed count, which involved the same conduct, it would "undoubtedly" impose the middle term on the stayed count. (*Ibid.*)

Appellant, on the other hand, argues that the case should be remanded because we cannot say what sentence the trial court would "undoubtedly" impose for battery with serious bodily injury. (See *People v. Mani* (Sept. 30, 2021, C088716) ___ Cal.App.5th ___ [2021 Lexis Cal.App. 820, *53 [case remanded to correct *Alford* error because appellate court could not say what sentence trial court would "undoubtedly" impose on stayed count].) He notes that the trial court expressly relied on two aggravating factors when imposing the upper term on the assault count: (1) the crime involved great bodily injury; and (2) the victim's age. Appellant posits that an upper term sentence was not inevitable on the battery with serious bodily injury count, because the great bodily injury factor could not be used to aggravate the sentence on that count, as great bodily

10

injury is an element of that offense.  (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1261; Cal. Rules of Court, rule 4.420(d).)

Although an appellate court may substitute the appropriate sentence for an unauthorized sentence, section 1260 does not permit it to make its own discretionary sentencing decisions. (See *People v. Lawley* (2002) 27 Cal.4th 102, 172.)  Judicial economy is laudable and it is our goal whenever possible, but we simply cannot say that the trial court would "undoubtedly" have imposed the upper term here.  The case must be remanded so the trial court can impose sentence on count 2, that sentence to be stayed under section 654.

## III.    DISPOSITION

The case is remanded so that appellant can be sentenced on count 2 consistent with the views in this opinion.  A great bodily injury enhancement under section 12022.7, subdivision (a) may not be attached to that count.  When appellant is resentenced, the abstract of judgment should be amended to reflect the conviction and sentence on that count, as well as the stay of that sentence under section 654, and the amended abstract should be forwarded to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

_____

NEEDHAM, J.


We concur.



_____

JACKSON, P.J.




_____

BURNS, J.




*People v. Mase* / A160275