Filed 12/30/22  P. v. Ortez CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FRANCISCO ANTONIO ORTEZ,<br><br>    Defendant and Appellant. | B311885<br><br>(Los Angeles County<br>Super. Ct. No. BA451111)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on December 9, 2022, be modified as follows:

On page 14, before the first paragraph, the following two paragraphs are added:

The People urge that the absence of jury findings as now required by Assembly Bill No. 567 is harmless error because appellant's criminal history is undisputed and is part of the record, and because "it is evident beyond a reasonable doubt that

the jury would have found that Lodge was a particularly vulnerable victim." But the evidence supporting the characterization of the victim as "particularly vulnerable"—consisting of an eyewitness's description of the victim as "mentally disabled" based on her observation that he was yelling and moving in an abnormal manner, and the fact that he was at the store with an assistant—was neither undisputed nor established beyond a reasonable doubt. The People's argument also ignores that the third factor the trial court cited—namely, appellant's "leadership" capacity—was not found by the jury, admitted by the defendant, or otherwise not subject to debate.

Along similar lines, the People urge that any noncompliance with Assembly Bill No. 124 is harmless because the record does not show that appellant does not fall into any of the categories of mitigating circumstances. However, this argument ignores that the record is silent because appellant had no reason to develop evidence on these categories because Assembly Bill No. 124 did not yet exist at that time. Thus, while we agree with the People that sentencing errors can sometimes be harmless, we disagree that the errors in this case were harmless.

This modification does not change the judgment.
Respondent's petition for rehearing is denied.
NOT TO BE PUBLISHED.


_____

LUI, P. J.       HOFFSTADT, J.       BENKE, J.*

_____

    **\*** Retired Associate Justice of the Court of Appeal, Fourth Appellate District, Division One, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3

Filed 12/9/22  P. v. Ortez CA2/2 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FRANCISCO ANTONIO ORTEZ,<br><br>    Defendant and Appellant. | B311885<br><br>(Los Angeles County<br>Super. Ct. No. BA451111) |

APPEAL from an order of the Superior Court of Los Angeles County.  Eleanor J. Hunter, Judge.  Affirmed in part, vacated in part, and remanded with directions.

Caneel C. Fraser, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and Idan Ivri, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Francisco Antonio Ortez appeals the judgment following a jury trial in which he was convicted of battery with infliction of serious bodily injury (Pen. Code,[1] § 243, subd. (d); count 4) and possession of a firearm by a felon (§ 29800, subd. (a)(1); count 5). Appellant waived a jury trial on the prior conviction allegations and the trial court found the prior serious felony and strike conviction allegations true.[2]  The court denied appellant's request to dismiss the strike, and declined to exercise its discretion to strike the prior serious felony conviction for purposes of the five-year enhancement under section 667, subdivision (a)(1).

Appellant was sentenced to state prison for an aggregate term of 14 years 4 months, consisting of the upper term of four years on count 4, doubled to eight years pursuant to the Three Strikes law (§§ 1170.12, subd. (b) & 667, subds. (b)–(j)), plus five years for the section 667, subdivision (a)(1) enhancement, and eight months on count 5, doubled to 16 months pursuant to the Three Strikes law.

Appellant contends the trial court violated his federal constitutional rights to due process and his rights under the Sixth Amendment by impliedly finding that count 4 constituted a serious felony and imposing the five-year enhancement under section 667, subdivision (a).  We disagree.  For purposes of imposition of the enhancement under section 667, subdivision (a)(1), the jury's finding that appellant inflicted serious bodily

---

[1] Undesignated statutory references are to the Penal Code.

[2] The prior serious felony and strike conviction allegations were based on a 2009 conviction for violation of section 245, subdivision (a)(2) in Los Angeles Superior Court case No. BA345489.

2

injury qualified as a jury finding of infliction of great bodily injury. We therefore find no error in the trial court's imposition of the five-year enhancement under section 667, subdivision (a)(1). However, we agree with appellant that Senate Bill No. 567 and Assembly Bill No. 124, amending section 1170, subdivision (b) to limit imposition of the upper term and to require imposition of a low term sentence under certain circumstances, apply retroactively to this case and require remand to the trial court for resentencing. Finally, we agree with the parties that, on remand, appellant is entitled to correction of his presentence custody credits.

## FACTUAL BACKGROUND

On October 9, 2016, Joshua Lodge and his home assistant Eva went to a grocery store on Slauson Avenue in Los Angeles. Eva went shopping inside the store and Lodge waited outside smoking a cigarette. While he was waiting, Lodge saw appellant point a chrome .357 revolver at two boys nearby. Lodge was unarmed but tried to intervene and yelled at appellant to leave the boys alone. Appellant then turned and brandished the gun at Lodge. Swearing, appellant told Lodge he was in a gang and threatened to "pop" him. He walked over to Lodge and asked, " 'Do you have a problem with me?' " Lodge responded, " 'No. I'm not from a gang.' " Lodge asked appellant to leave him alone and told him he wanted nothing to do with him.

Afraid that appellant was going to shoot him, Lodge walked inside the store to find help. The security guard simply told him to go back outside. Lodge left the store, but then reentered to find Eva. Appellant handed his gun to his companion and followed Lodge into the store. Appellant asked Lodge, " 'What the fuck did you say?' " Lodge responded loudly, " 'You're fucking

3

with the kids.'" Appellant then punched Lodge on the side of his head, knocking him out. Lodge fell to the floor and remained unconscious for five to 10 minutes.

After hitting Lodge, appellant walked quickly out of the store. He and his companion joined another person waiting in a van and drove away.

When Lodge regained consciousness on the floor inside the store, he had a lump on his head where appellant had struck him.

## DISCUSSION

### I. The Trial Court Did Not Err in Imposing the Five-year Enhancement Under Section 667, Subdivision (a)(1)

Appellant contends the trial court improperly imposed the five-year enhancement under section 667, subdivision (a)(1) because, in the absence of a finding by the jury that he inflicted great bodily injury, the current offense does not qualify as a serious felony. We disagree. In order to convict appellant under section 243, subdivision (d) as charged in count 4—battery with infliction of serious bodily injury—the jury was required to find that appellant inflicted serious bodily injury. For purposes of imposing the section 667, subdivision (a)(1) enhancement, that finding is equivalent to a finding of great bodily injury. (*People v. Sloan* (2007) 42 Cal.4th 110, 117 (*Sloan*); *People v. Johnson* (2016) 244 Cal.App.4th 384, 391–392 (*Johnson*).)

#### A. *Applicable legal principles*

Section 667, subdivision (a)(1) provides for the imposition of a five-year sentence enhancement for a prior serious felony conviction where the current conviction is also a serious felony. (*People v. Arnett* (2006) 139 Cal.App.4th 1609, 1613 (*Arnett*).) Subdivision (a)(4) of section 667 defines "serious felony" to mean

any "serious felony listed in subdivision (c) of Section 1192.7." Section 1192.7, subdivision (c) in turn identifies 42 offenses as serious felonies, including "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice." (§ 1192.7, subd. (c)(8).) For an offense specifically enumerated as a serious felony in section 1192.7, subdivision (c), "the question whether that conviction qualifies as a serious felony is entirely legal." (*People v. Kelii* (1999) 21 Cal.4th 452, 456.) On the other hand, to the extent imposition of the section 667, subdivision (a)(1) enhancement turns on a factual inquiry as to whether the conduct underlying the crime qualifies the offense as a serious felony, any such facts must be tried to the same fact finder which decided the defendant's guilt of the charged crime. (§ 969f, subd. (a); *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490; *People v. Gallardo* (2017) 4 Cal.5th 120, 123, 134; *Arnett*, at p. 1613; *People v. Bautista* (2005) 125 Cal.App.4th 646, 655.)

Great bodily injury is defined to mean "a significant or substantial physical injury." (§ 12022.7, subd. (f).) " 'It is an injury that is greater than minor or moderate harm' " (*People v. Wyatt* (2012) 55 Cal.4th 694, 702), but it "need not be so grave as to cause the victim ' "permanent," "prolonged," or "protracted" ' bodily damage" (*People v. Cross* (2008) 45 Cal.4th 58, 64). Indeed, "some physical pain or damage, such as lacerations, bruises, or abrasions is sufficient for a finding of 'great bodily injury.' " (*People v. Washington* (2012) 210 Cal.App.4th 1042, 1047.) Similarly, section 243, subdivision (f)(4) defines "serious bodily injury" to mean " 'a serious impairment of physical condition, including, but not limited to, the following: loss of consciousness; concussion; bone fracture; protracted loss or

5

impairment of function of any bodily member or organ; a wound requiring extensive suturing; and serious disfigurement.' " (*People v. Wade* (2012) 204 Cal.App.4th 1142, 1147–1148.)

"California courts have long held that 'serious bodily injury,' as used in section 243, and 'great bodily injury,' as used in section 12022.7, are essentially equivalent." (*Johnson, supra,* 244 Cal.App.4th at p. 391; *People v. Santana* (2013) 56 Cal.4th 999, 1008 [terms "serious bodily injury" and "great bodily injury" are essentially equivalent, having substantially the same meaning]; *Sloan, supra,* 42 Cal.4th at p. 117; *People v. Burroughs* (1984) 35 Cal.3d 824, 831, overruled on another ground in *People v. Blakeley* (2000) 23 Cal.4th 82, 89; *People v. Wade, supra,* 204 Cal.App.4th at p. 1149; *People v. Bueno* (2006) 143 Cal.App.4th 1503, 1508, fn. 5; *Arnett, supra,* 139 Cal.App.4th at p. 1613; *People v. Chaffer* (2003) 111 Cal.App.4th 1037, 1042; *People v. Hawkins* (2003) 108 Cal.App.4th 527, 531 (*Hawkins II*); *People v. Beltran* (2000) 82 Cal.App.4th 693, 696; *People v. Hawkins* (1993) 15 Cal.App.4th 1373, 1375, 1376 (*Hawkins I*); *People v. Moore* (1992) 10 Cal.App.4th 1868, 1871 (*Moore*); *People v. Otterstein* (1987) 189 Cal.App.3d 1548, 1550; *People v. Corning* (1983) 146 Cal.App.3d 83, 90; *People v. Kent* (1979) 96 Cal.App.3d 130, 136.) Indeed, great bodily injury has been held to be "an element of the crime of battery under section 243, subdivision (d)" for purposes of enhancing a felony battery conviction under section 12022.7 (*Hawkins I*, at p. 1375; *Johnson*, at p. 391), and for purposes of imposing the enhancement under section 667, subdivision (a) (*Moore*, at p. 1871; *Arnett*, at pp. 1613–1614).

6

**B.** *For purposes of imposition of the enhancement under section 667, subdivision (a)(1), the jury's finding that appellant inflicted serious bodily injury qualified as a jury finding of infliction of great bodily injury.*

Appellant contends the trial court erred and violated his constitutional rights by imposing the five-year enhancement under section 667, subdivision (a)(1) because the jury did not make a factual finding that his current offense was a serious felony. The argument fails.

The information alleged in count 4 that appellant committed battery in violation of section 243, subdivision (d), which resulted in the infliction of serious bodily injury on Lodge. It was further alleged that this offense constituted a serious felony within the meaning of section 1192.7, subdivision (c), and that appellant had suffered a prior conviction of a serious felony, thus making him subject to the enhancement under section 667, subdivision (a)(1). The evidence at trial established that appellant hit Lodge on the side of his head, causing Lodge to lose consciousness for five to 10 minutes. Afterward, Lodge had a lump on his head. The jury was instructed that to convict on count 4—battery causing serious bodily injury in violation of section 243, subdivision (d)—it must find beyond a reasonable doubt that Lodge suffered serious bodily injury, including a loss of consciousness, as a result of the force used by appellant. The jury did find appellant guilty on count 4, and therefore indisputably found he inflicted serious bodily injury on Lodge.

In *Arnett*, as in this case, the defendant was convicted of battery with serious bodily injury in violation of section 243, subdivision (d). (*Arnett*, *supra*, 139 Cal.App.4th at p. 1611.) Like appellant, Arnett argued that in the absence of a separate jury

finding on great bodily injury, the imposition of the five-year enhancement under section 667, subdivision (a)(1) was unauthorized.  (*Id*. at p. 1613.)  The Court of Appeal rejected the argument, holding that the terms "great bodily injury" and "serious bodily injury" have "substantially the same meaning" and are legally indistinguishable for purposes of imposing the enhancement under section 667, subdivision (a)(1).[3]  (*Id*. at pp. 1613–1614.)

Similarly, in *Moore*, the Court of Appeal upheld the imposition of a section 667, subdivision (a)(1) serious felony enhancement for a felony battery committed by means of serious bodily injury under section 243, subdivision (d) "because the term 'serious bodily injury' is essentially equivalent to and synonymous with the term 'great bodily injury,' as required by Penal Code section 1192.7, subdivision (c)(8)."  (*Moore, supra*, 10 Cal.App.4th at p. 1870.)  The court reasoned:  "A felony battery . . . is defined as an offense in which 'serious bodily injury is inflicted on the person.'  [Citation.]  Our Supreme Court has held

---

[3] *Arnett* also rejected the defendant's argument on the ground that his waiver of the right to a jury trial on the prior conviction allegations operated to waive his right to "a jury determination of whether his current offense was a serious felony for purposes of section 667, subdivision (a)."  (*Arnett, supra*, 139 Cal.App.4th at p. 1614, citing *People v. Yarbrough* (1997) 57 Cal.App.4th 469, 477–478, *People v. Equarte* (1986) 42 Cal.3d 456, 467.)  Respondent makes the same argument here, but in light of our conclusion that the jury's express finding of serious bodily injury established appellant's battery conviction as a serious felony, we need not address it.

that the term 'serious bodily injury,' as intended in section 243, subdivision (d), is 'essentially equivalent' with the element of 'great bodily injury' presented in other criminal statutes. [Citations.]  Other courts, in comparing the 'serious bodily injury' element of felony battery to the 'great bodily injury' requirement of another enhancement statute [citation], have held that the two terms are 'substantially similar' [citation] and 'essentially equivalent' [citation].  Nothing indicates the Legislature intended that these two terms should have separate and distinct meanings with regard to a 'serious felony' sentence enhancement, and we perceive no reason to make any distinction between the two terms." (*Id.* at p. 1871; *Johnson*, *supra*, 244 Cal.App.4th at pp. 391–392; see *People v. Hernandez* (1998) 19 Cal.4th 835, 837 [language of § 1192.7, subd. (c)(8) "would seem to cover" conviction for battery with serious bodily injury under § 243, subd. (d)], disapproved on another ground in *People v. Seel* (2004) 34 Cal.4th 535, 550, fn. 6.)

Appellant relies on *People v. Taylor* (2004) 118 Cal.App.4th 11 (*Taylor*) to contend that "serious bodily injury" and "great bodily injury" have distinct definitions, and the jury's finding on the former does not constitute a finding on the latter.  However, *Taylor*, which "was limited to the particular facts of that case," is distinguishable.  (*People v. Cabrera* (2018) 21 Cal.App.5th 470, 478; see also *Taylor*, at p. 22 ["On the Particular Facts of This Case, the Trial Court Erred in Treating Taylor's Conviction for Battery with Serious Bodily Injury as Equivalent to a Finding of Great Bodily Injury"].)

In *Taylor*, the jury convicted the defendant of one count of battery with serious bodily injury (§ 243, subd. (d)) but found three great bodily injury enhancement allegations not true.

9

(*Taylor*, *supra*, 118 Cal.App.4th at pp. 17–18.)  The trial court imposed a five-year enhancement under section 667, subdivision (a)(1), finding the battery conviction under section 243, subdivision (d) to be a serious felony for purposes of the enhancement.  (*Id*. at p. 22.)  The Court of Appeal reversed imposition of the enhancement on the ground that the trial court had "violated [defendant's] statutory and constitutional rights to jury trial by treating the jury's finding of 'serious bodily injury' as legally equivalent to a finding of 'great bodily injury' despite the jury's express finding that [defendant] did not inflict 'great bodily injury.' " (*Id*. at p. 20.)  While acknowledging that courts have treated "serious bodily injury" and "great bodily injury" as "being 'essentially equivalent' " or "having 'substantially the same meaning,' " the *Taylor* court held that under the particular circumstances of that case, "the trial court was not at liberty to make what amounted to a legal determination that [defendant] had in fact inflicted great bodily injury" when the jury found he had not.  (*Id*. at p. 27.)  In such circumstances, the court held, "[W]e cannot apply the usual assumption that the two terms have essentially the same meaning."  (*Id*. at p. 26.)

In contrast to *Taylor*, there is no indication in the record before us that the usual assumption that great bodily injury and serious bodily injury are equivalent should not apply.  No great bodily injury enhancement was alleged, and the jury did not make a not-guilty finding on great bodily injury.  *Taylor* itself limited its application, and its narrow ruling does not apply to the instant case.

Where "conduct constituting serious bodily injury falls within a statutory provision referring to conduct constituting great bodily injury . . . , it is appropriate to rely on the abundant

10

case law finding the concepts (and conduct) essentially equivalent." (*Johnson*, *supra*, 244 Cal.App.4th at p. 392.) Although the meanings of "great bodily injury" and "serious bodily injury" differ in jury instructions, the terms are indistinguishable for purposes of the definition of a serious felony under section 1192.7, subdivision (c)(8) or 667, subdivision (a)(1). (*Johnson*, *supra*, 244 Cal.App.4th at p. 391, citing *Moore*, *supra*, 10 Cal.App.4th at p. 1870.) In this case, when the jury convicted appellant on count 4, its explicit finding of serious bodily injury was equivalent to a finding of great bodily injury under section 1192.7, subdivision (c)(8). The jury's finding thus made appellant's offense a serious felony under section 667, subdivision (a)(4), and subject to the five-year enhancement under subdivision (a)(1).

## II. Senate Bill No. 567 and Assembly Bill No. 124 Apply Retroactively and Require Remand to the Trial Court for Resentencing

Appellant contends that because the enactment of Senate Bill No. 567 and Assembly Bill No. 124[4] made ameliorative

---

[4] Three bills amending section 1170—Senate Bill No. 567, Assembly Bill No. 124, and Assembly Bill No. 1540—were enacted and signed into law on the same date. (Stats. 2021, ch. 731, § 1.3 (Sen. Bill No. 567), eff. Jan. 1, 2022; Stats. 2021, ch. 695, § 5 (Assem. Bill No. 124), eff. Jan. 1, 2022; Stats. 2021, ch. 719, § 2 (Assem. Bill No. 1540), eff. Jan. 1, 2022.) Senate Bill No. 567 incorporated the amendments proposed by Assembly Bill Nos. 124 and 1540, and provided that if all three bills amending section 1170 were enacted and became effective on or before January 1, 2022, and Senate Bill No. 567 were enacted last, then section 1.3 of Senate Bill No. 567 would become operative. (Stats. 2021, ch. 731, § 3.)

changes to the laws under which appellant was sentenced, his case must be remanded to the trial court for resentencing. The People agree that these amendments apply retroactively but argue they do not support a remand for resentencing in this case. We disagree.

As relevant here, Senate Bill No. 567 amended section 1170, subdivision (b) in two ways: First, it limits the trial court's discretion and authority to impose the highest of three statutory terms of imprisonment by making the middle term the presumptive term except when circumstances in aggravation justify imposition of the upper term, and "the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(1) & (2).) Second, if any of certain specified circumstances was "a contributing factor in the commission of the offense," the trial court must impose the lower term unless the court finds aggravating circumstances outweigh the mitigating circumstances such that imposition of the lower term would be contrary to the interests of justice. (§ 1170, subd. (b)(6).)

These amendments apply retroactively to sentences that are not yet final on appeal. (*People v. Garcia* (2022) 76 Cal.App.5th 887, 902 (*Garcia*); *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 ["The People correctly concede the amended version of section 1170, subdivision (b) that became effective on January 1, 2022, applies retroactively in this case as an ameliorative change in the law applicable to all nonfinal convictions on appeal"].)

Here, the trial court explained its sentencing choice on count 4 as follows: "And the reason the court is selecting the high

12

term is that that victim was incredibly vulnerable. I still see the video of him just being knocked out cold by Mr. Ortez." Based on its review of the probation officer's report, the court stated, "[T]he defendant actually has been around the criminal system for a long time, since he was 16, it looks like," and his "criminal activity is certainly escalating." Finally, the court noted that appellant "held a position of leadership during [the] attack." In the trial court's view, these factors—appellant's criminal history, his "leadership capacity," and the vulnerability of the victim—combined to warrant the four-year upper term.

The trial court's reliance on appellant's criminal history (other than the strike offense) was not based on a certified record of conviction or any admission by appellant. Similarly, the other factors in aggravation—namely the trial court's determination that the crime involved a particularly vulnerable victim and its characterization of appellant as occupying a position of leadership in the commission of the offense—were never found true beyond a reasonable doubt by the jury or stipulated by appellant.

Appellant's four-year upper term sentence on count 4 is therefore inconsistent with the amendments to section 1170, subdivision (b) because there is no indication in the record that the aggravating circumstances were proved to the court or found by the jury beyond a reasonable doubt, admitted by appellant, or were circumstances relating to appellant's prior convictions based on a certified record of convictions. (§ 1170, subd. (b)(1)–(3).) Furthermore, based on the newly added provisions in section 1170, subdivision (b)(6), defense counsel may be able to argue factors in mitigation that would require imposition of the lower term.

We thus conclude that the sentence must be vacated and the matter remanded for resentencing in accordance with the amendments to section 1170. (*People v. Jones* (2022) 79 Cal.App.5th 37, 45.) On remand, the trial court may revisit all its sentencing choices in light of the new legislation. (*People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "]; *People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425 ["the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"]; *Garcia, supra*, 76 Cal.App.5th at p. 902.) We take no position on the choices available to the trial court.

## III. Appellant Is Entitled to Correction of His Presentence Custody Credits

Appellant contends the trial court miscalculated his presentence custody and conduct credits. Respondent agrees, as do we.

The record contains no oral statement of credits by the trial court, but the abstract of judgment indicates the court awarded a total of 2,396 days of credit, consisting of 1,996 days of actual presentence custody and 400 days of conduct credit.

Section 4019 provides that a defendant who has not refused to perform labor and has complied with the rules and regulations of confinement is entitled to an award of credit calculated by deeming a term of four days to have been served for every two days spent in actual custody. (§ 4019, subd. (f).) Under this formula, appellant should have received 1,996 days of conduct

14

credit in addition to his 1,996 days of custody credit, for a total of 3,992 days of presentence credit.

The 15 percent limitation on conduct credits for a violent felony conviction based on infliction of great bodily injury does not apply in this case.  Under section 2933.1, subdivisions (a) and (c), a defendant convicted of a violent felony as defined in section 667.5, subdivision (c) is ineligible for conduct credits in excess of 15 percent of the number of days in actual custody.  Section 667.5, subdivision (c)(8) defines a violent felony as "[a]ny felony in which the defendant inflicts great bodily injury on a person other than an accomplice."  But in order to qualify as a violent felony, section 667.5, subdivision (c)(8) contains the additional requirement that the "great bodily injury allegation was 'charged and proved as provided for in Section 12022.7.' " (*Hawkins II, supra*, 108 Cal.App.4th at p. 530.)

Although the jury's conviction on count 4 of battery with infliction of serious bodily injury constituted a finding that appellant inflicted great bodily injury for purposes of the prior serious felony enhancement under section 667, subdivision (a)(1), it was not the equivalent of a violent felony finding under section 667.5, subdivision (c)(8) where great bodily injury was not charged and proven under section 12022.7.  (*Hawkins II, supra*, 108 Cal.App.4th at p. 532.)  Nor could it have been so charged because section 12022.7, "by its own terms does not apply to crimes in which infliction of great bodily injury is an element of the offense unless the crime is committed under circumstances involving domestic violence." (*Hawkins II*, at p. 531; § 12022.7, subds. (e), (g).)  Since "the 'great bodily injury' contemplated by section 12022.7 is substantially the same as the 'serious bodily injury' element of section 243, subdivision (d) [citation], the

15

section 12022.7 enhancement cannot be applied to the crime of battery with serious bodily injury unless it involves domestic violence." (*Hawkins II*, at p. 531.)

As the court in *Hawkins II* concluded, "The serious bodily injury inflicted by one who violates section 243, subdivision (d), may be no less dangerous to society or damaging to the victim than the infliction of great bodily injury committed by those whose crimes are covered by section 12022.7.  The Legislature has made clear, however, that it is capable of distinguishing between such crimes when defining them as either serious or violent felonies.  (Compare § 667.5, subd. (c)(8) [identifying as a violent felony '[a]ny felony in which the defendant inflicts great bodily injury . . . which has been charged and proved as provided for in Section 12022.7'] with § 1192.7, subd. (c)(8) [defining as a serious felony 'any felony in which the defendant personally inflicts great bodily injury'].)  Section 2933.1's 15 percent custody credit limitation only applies to those crimes defined as violent felonies under section 667.5.  Battery with serious bodily injury cannot be so defined unless it is committed under circumstances involving domestic violence, so the limitation cannot be applied here." (*Hawkins II*, *supra,* 108 Cal.App.4th at pp. 531–532.)

## DISPOSITION

The judgment of conviction is affirmed. The sentence is vacated, and the matter is remanded to the superior court with directions to conduct a new sentencing hearing under Penal Code section 1170 as amended by Senate Bill No. 567 and Assembly Bill No. 124.

NOT TO BE PUBLISHED.


                                        LUI, P. J.

We concur:



HOFFSTADT, J.



BENKE, J.*

---

     **\*** Retired Associate Justice of the Court of Appeal, Fourth Appellate District, Division One, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.